(88 South. 208)

RATLIFF v. CITY OF BESSEMER et al.
(6 Div. 834.)

(Court of Appeals of Alabama.　Dec. 14, 1920.)

1. MUNICIPAL CORPORATIONS ☞590 — EXERCISE OF POWER CONFERRED BY LEGISLATURE GIVES ORDINANCES FORCE OF STATUTES.

Exercise by a municipality of power conferred by the Legislature to regulate the running at large of animals on the streets gives to their ordinances pursuant thereto the same force and effect as if passed directly by the Legislature.

2. MUNICIPAL CORPORATIONS ☞724—MUNICIPALITY NOT LIABLE FOR INJURY TO PERSON OR PROPERTY IN PERFORMANCE OF PUBLIC FUNCTIONS.

A municipal corporation is not liable for alleged tortious injuries to the persons or property of individuals when engaged in the performance of public or governmental functions or duties.

3. MUNICIPAL CORPORATIONS ☞731—MUNICIPALITY NOT LIABLE FOR IMPOUNDING ANIMALS.

A municipal corporation is not liable for impounding animals under an ordinance enacted by virtue of statutory authority, though in the particular instance the seizure was wrongful.

4. ANIMALS ☞106 — BURDEN ON PERSON CLAIMING TITLE THROUGH IMPOUNDING PROCEEDINGS TO SHOW STATUTE COMPLIED WITH.

In an action to recover possession of stock, where title is claimed through impounding proceedings, the burden is on the person who claims title through the sale under the impounding proceedings to show affirmatively the statute has been complied with.

5. ANIMALS ☞51 — IMPOUNDING OFFICERS NOT LIABLE FOR CONVERSION.

Where a mule was running at large on the streets of a city when taken up, and under the city ordinances the city impounding officers has the right to take it up, there was no conversion on their part subjecting them to liability to the owner.

6. ANIMALS ☞51—POUNDKEEPER NOT LIABLE FOR CONVERSION OF MULE SOLD.

The poundkeeper of the city of Bessemer, who, in selling a mule taken up by impounding officers while running at large, acted under City Code, § 451, as agent of the law, bound to execute all process directed to him by a competent tribunal, was not liable as for conversion of the mule.

7. EVIDENCE ☞344—CITY ORDINANCES CERTIFIED TO BY CITY CLERK ADMISSIBLE—THOSE NOT CERTIFIED TO INADMISSBLE.

In an action against a city, its impounding officers, and poundkeeper for conversion of a mule taken up while running at large and sold, there was no error in permitting introduction of an ordinance of the city certified to by city clerk as required by Code 1907, § 1220, but sections of the City Code not certified to by the clerk, it not appearing that they were part of any code or book of ordinances, etc., were inadmissible under the statute.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action in detinue and for conversion of a mule by J. P. Ratliff against the city of Bessemer and others. Judgment for defendants and plaintiff appealed. Reversed and remanded.

Pinkney Scott, of Bessemer, for appellant.

Claiming under impounding proceedings cast the burden on the claimant to show full compliance with the statutes and regulations applying thereto. 138 Ala. 145, 34 South. 1009; 122 Ala. 662; 100 Ala. 631; 13 South. 607; ante, p. 315, 86 South. 108. The evidence showed without conflict that Ordinance No. 453 was not complied with. Possession, once shown, is presumed to continue until the contrary appears. 135 Ala. 331, 33 South. 151; 76 Ala. 280; 150 Ala. 480, 43 South. 235. Counsel discuss other assignments of error, but without further citation of authority.

George Bumgardner, of Bessemer, for appellees.

No. brief reached the Reporter.

MERRITT, J. The record of this appeal does not contain the summons, and the complaint as set out does not contain the names of the parties to the suit. We think, however, it fairly appears from the oral charge, and other matters contained in the record, that the suit was one by J. P. Ratliff, as plaintiff, against the city of Bessemer, C. M. Lacy, J. W. Ware, M. W. Hill, and Will Hurd, defendants: and, no questions being raised as to this aspect of the case, it will be considered in the light of the above parties as plaintiff and defendants.

The plaintiff sought to recover damages for an alleged conversion by the defendants of a certain mule, and also to recover the particular mule under a count in detinue. Under the instruction of the trial court the city of Bessemer was eliminated; the charge being that under the evidence a recovery could not be had against it. The plaintiff was denied the general affirmative charge requested in writing, and there was a verdict and judgment in favor of the defendants. Plaintiff insists that the court was in error in charging that under the evidence the defendant city of Bessemer was not liable. The evidence tends to show without conflict that the mule in controversy was running at large on the streets of the city of Bessemer, and that the defendants Ware and Lacy, acting as impounding officers of the city, took up the mule, and that under certain ordinances in force at the time the mule was sold by the city to pay the pound-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing fee, and at the sale the defendant Hill purchased the mule. It may be said just at the outset that it does not appear under what theory the defendant Hurd was made a party defendant, as the evidence nowhere discloses his possession of or connection with either the city or the mule in any way, and as to him the general affirmative might well have been given as requested.

[1,2] Under section 1285 of the Code of 1907, the Legislature granted the power to cities and municipalities "to regulate and prevent the running at large on the streets, of all horses, mules, cows, hogs, dogs, or other animals, and to pass all laws necessary for the impounding and sale of such animals, and destruction of dogs." In pursuance of this power the city of Bessemer adopted certain ordinances against stock running on the streets, providing impounding officers, the taking up of such animals, and the sale and disposition of them. The exercise of the power thus conferred upon the municipalities gives to their ordinances the same force and effect as if they had been passed directly by the state Legislature. In such cases they are in the discharge of duties imposed by law for the promotion and preservation of the public welfare, and discharge governmental functions. Their officers in the enforcement of their ordinance act in their public capacity. "The rule is general that a municipal corporation is not liable for alleged tortious injuries to the persons or property of individuals when engaged in the performance of public or govermental functions or duties. So far as municipal corporations exercise powers conferred on them for purposes essentially public, they stand as does sovereignty, whose agents they are, and are not liable to be sued for any act or omission occurring while in the exercise of such powers, unless by some statute the right is given." Gregg v. Hatcher, 94 Ark. 54, 125 S. W. 1007, 27 L. R. A. (N. S.) 138, 21 Ann. Cas. 982; 2 Am. & Eng. Enc. of Law (2d Ed.) 1193; Gillmor v. Salt Lake City, 32 Utah, 180, 89 Pac. 714, 12 L. R. A. (N. S.) 537, 13 Ann. Cas. 1016; 28 Cyc. L. & P. 1257; Valentine v. Englewood, 96 N. J. Law, 509, 71 Atl. 344, 19 L. R. A. (N. S.) 262, 16 Ann. Cas. 731.

In the case of Culver v. Streator, 130 Ill. 238, 22 N. E. 810, 6 L. R. A. 270, the court held:

"A municipal corporation is not liable for injuries resulting from negligent acts of one employed by it to enforce an ordinance forbidding the running at large of unmuzzled dogs, committed while in the discharge of the duties of his employment." McKay v. Buffalo, 9 Hun, 401; Whitfield v. Paris, 84 Tex. 431, 19 S. W. 566, 15 L. R. A. 783, 31 Am. St. Rep. 69.

See, also, Dargan v. Mayor of Mobile, 31 Ala. 469, 70 Am. Dec. 505.

[3] A municipal corporation is not liable for impounding animals under an ordinance enacted by virtue of statutory authority, although in the particular instance the seizure was wrongful. 19 R. C. L. pp. 1100, 1119.

The defendant city of Bessemer not being liable, it remains to be seen whether the other defendants, Ware, Lacy, and Hill, under the evidence, were liable. So far as the count in detinue was concerned, the testimony shows that the defendants Lacy and Ware did not have possession of the mule at the time the suit was filed, and that whatever possession they may have had as impounding officers had some time before passed, by virtue of the sale on the part of the city, when the defendant Hill purchased the mule, and that he, too, had swapped the mule and his possession had passed to another.

While, as stated above, the testimony discloses that the possession of the defendant Hill had passed to another, it also shows that he purchased the mule, claimed ownership of and assumed control of him by virtue of said sale, and, this being so, in order to free himself from liability under the conversion count, it was necessary to show that the city, from whom he derived title, had the right to sell the mule.

[4] In an action to recover possession of stock, where title is claimed through impounding proceedings, the burden is on the person who claims title through the sale under impounding proceedings to show affirmatively that the statute has been complied with. Ryall v. Smith, 138 Ala. 145, 34 South. 1009; Ryall v. Epps, 122 Ala. 662, 26 South. 1033; McCrossin v. Davis, 100 Ala. 631, 13 South. 607.

Under section 453 of the City Code of Bessemer, it is provided that when an animal should be impounded it shall be reported, a case docketed, and the style thereof when the owner is known or unknown, and when the owner is known (as was the case here), the clerk should issue a summons to the owner, citing him, among other things, to appear before the mayor on a day to be named in the summons, not later than three days after the service thereof, and show cause why the animal should not be condemned to pay cost and charges. In case of default (as was shown to be the case here), judgment should be rendered against the owner, said animal ordered sold to the highest bidder, but no sale to be made until five days after judgment rendered, and no judgment of condemnation shall be rendered until the law has been fully complied with in regard to such impounding animal. The docket entry in the instant case, as disclosed by the record, shows that on November 12, 1919, the poundkeeper of the city of Bessemer took up the mule in controversy; that notice was issued to and duly served on the plaintiff, Ratliff, on the 13th day of November, 1919, requiring him to ap-

pear before the mayor of the city of Bessemer on the 15th day of November, 1919, and show cause why the said mule should not be sold to pay pound charges; that on November 13, 1919, the cause coming on to be heard and the said Ratliff appearing not, the said mule was ordered to be sold to pay pound charges, fees, and costs, at 12 o'clock, noon, on the 20th day of November, 1919, and notice of sale to be given to the said Ratliff. The record further discloses that the notice served on the plaintiff, Ratliff, recites that by virtue of the judgment of condemnation as rendered in the recorder's court of the city of Bessemer, on the 15th day of November, 1919, wherein the city of Bessemer was plaintiff and J. P. Ratliff defendant, that the city of Bessemer would, at a certain named place in said city, sell at public auction, on the 20th day of November, 1919, the mule in controversy.

It thus clearly appears that the defendant in these proceedings, plaintiff here, was notified on November 13, 1919, to be in court on November 15, 1919, to answer, and that on November 13, 1919, the same date of service, judgment of condemnation was rendered.

The ordinances relative to such matters not having been complied with, the defendant Hill acquired no title to the mule in controversy at such sale, and, as to the count for conversion as against him, the plaintiff was entitled to recover.

[5] As indicated above as to the defendants Ware and Lacy, the plaintiff was not entitled to recover under the count in detinue; neither of them being shown to have been in possession of the property at the time the suit was filed. But could they or either of them, under the evidence in this case, be liable under the count for conversion? The evidence is without conflict that the mule was running at large on the streets of the city at the time it was taken up, and that, under the city ordinances, they as such impounding officers had the right to take it up. When the appropriation is rightful, there is no conversion. In this case, it having been shown that the conversion of the property, as far as the taking up of the mule was concerned by the two officers was under legal authority, it was a bar to the suit. Barrett v. City of Mobile, 129 Ala. 179, 30 South. 36, 87 Am. St. Rep. 54.

[6] Neither can it be successfully contended that the defendant Lacy is liable for a conversion, because he sold the mule, and in doing so he acted in the face of proceedings that are shown to have been irregular and illegal. It affirmatively appears from the record that he was the poundkeeper at the time of the sale, and as such one of the powers conferred on him by section 451 of the City Code of Bessemer, as the same appears in the record, was to make all sales and have general charge of the pound pen. In making such sale he was acting as agent of the law, and as

such was bound to execute all process directed to him by a competent tribunal, and by necessary consequence may justify under it. It would be a strange anomaly if the law should exact from him implicit obedience to its mandates, and withhold from him the mantle of its protection, when in the discharge of his duty. Morrison v. Wright, 7 Port. (Ala.) 67.

[7] There was no error in permitting the introduction of ordinance 306, to which objection was made; the same being certified to by the city clerk as required by section 1220 of the Code of 1907. So much, however, cannot be said as to sections 451, 452, 453, 454, and 447, of the City Code; same not having been certified to, and it not appearing that they were a part of "any Code or book containing the ordinances or resolutions of the city or town and purporting on the face thereof to be written or printed by authority of the counsel." Section 1220, Code of Alabama. Neither was it shown in any way that these ordinances had ever been adopted.

For the errors pointed out, it necessarily follows that the judgment must be reversed.

Reversed and remanded.