(96 South. 771)

## CITY OF TUSCALOOSA v. FITTS. (6 Div. 868.)

(Supreme Court of Alabama. May 3, 1923. Rehearing Denied June 14, 1923.)

1. Municipal corporations ⟾742(4) — Averment held equivalent to statutory averment of negligence of city's employee.

An averment that defendant city's servant, agent, or employee, while driving defendant's trash wagon and engaged in and about the duties of his employment by defendant, negligently drove the wagon on a piece of plate glass belonging to plaintiff, breaking it, etc., *held* equivalent to averring, as required by Code 1907, § 1273, that the injury was suffered through the negligence of some officer, agent, or employee of defendant, engaged in work for it and while acting in the line of his duty.

2. Pleading ⟾34(4) — Construed strongly against pleader on demurrer.

Counts of the complaint must be construed most strongly against the pleader on demurrer.

**3. Pleading** ⊚⟹193(5)—**As against demurrer, each count must affirmatively aver facts' showing defendant's liability.**

To be sufficient on demurrer, each count of the complaint should affirmatively aver facts showing defendant's liability.

**4. Municipal corporations** ⊚⟹747(4)—**Not liable for employee's' torts in performance of "governmental functions" of hauling trash and garbage to crematories.**

A municipality, with the right to establish and maintain crematories for the destruction of garbage, etc., and to haul or have hauled "trash and garbage of all kinds" thereto (Code 1907, § 1282), is not liable for its agents' or employees' torts in the exercise and performance of such "governmental functions"; they being designed primarily to promote the health and comfort of the general public.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Governmental function.]

**5. Municipal corporations** ⊚⟹742(4) — **Complaint for injuries by negligent act of municipal employee must allege facts affirmatively showing negligent performance of ministerial act.**

To state a cause of action, under Code 1907, § 1273, against a city for injuries to property by the negligent driving of the city's trash wagon and mule by the city's agent, each count should allege facts affirmatively showing negligent performance of a ministerial, not governmental, act.

**6. Municipal corporations** ⊚⟹753(2)—**Averments of negligence in driving city's trash wagon held insufficient, as not averring use thereof in performance of ministerial work.**

In an action against a city for the value of a piece of plate glass, alleged to have been broken because of the negligent act of a city employee, counts averring that defendant's servant, agent, or employee negligently drove defendant's trash wagon on the glass, that the injury occurred while driving defendant's "wagon and mule," and that it occurred "while engaged in cleaning up or taking up trash from the public streets or alleys in the city," *held* insufficient, as not averring that the wagon and mule were being used by the city's agent for the performance of ministerial work.

**7. Appeal and error** ⊚⟹843(1) — **Where no count states cause of action, other errors need not be considered.**

Where no count in the complaint states a cause of action, other errors need not be considered.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by Alston Fitts against the City of Tuscaloosa. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The following is the complaint:

"Plaintiff claims of the defendant three hundred and seventy-one and 30/100 dollars ($371.30), with interest from March 31, 1920, for that on, to wit, March 31, 1920, a servant, agent, or employee of defendant, while driving defendant's trash wagon in the city of Tuscaloosa, Alabama, and while engaged in and about the duties of his employment by defendant, negligently drove defendant's trash wagon upon or against a certain piece of plate glass, the property of plaintiff, breaking it and destroying its value, in the sum of three hundred and seventy-one and 30/100 dollars ($371.30). Wherefore this suit.

"Plaintiff claims of defendant the further sum of three hundred seventy-one and 30/100 dollars ($371.30), with interest from March 31, 1920, for that on, to wit, March 31, 1920, an agent, officer, or employee of defendant, engaged in work therefor, and while acting in the line of his duty,' while driving defendant's wagon and mule in the city of Tuscaloosa, Alabama, and while engaged in and about the duties of his employment by defendant, negligently drove or backed, or caused or permitted to be driven or backed, defendant's said wagon upon or against a certain piece of plate glass, the property of plaintiff, breaking it and destroying its value, in the sum of, to wit, three hundred and seventy-one and 30/100 dollars ($371.30). Wherefore this suit.

"Plaintiff claims of defendant the further sum of $371.30 with interest from March 31, 1920, for that on, to wit, March 31, 1920, an agent, officer, or employee of defendant, engaged in work therefor, and while acting in the line of his duty, while driving defendant's wagon and mule in the city of Tuscaloosa, Tuscaloosa county, Alabama, and while engaged in and about the duties of his employment by defendant, and while engaged in cleaning up or taking up trash from the public streets or alleys in the city of Tuscaloosa, negligently drove or backed defendant's said wagon upon or against a certain piece of plate glass, the property of plaintiff, breaking it and destroying its value, in the sum of, to wit, $371.30. Wherefore this suit."

S. H. Sprott, of Tuscaloosa, for appellant.

[The cleaning or sprinkling of streets or the removal of rubbish or garbage by a municipality is deemed to be a governmental function, designed primarily to promote the public health and comfort, and the municipality is therefore not liable for the torts of employees, to whom the performance of that function is delegated. Harris v. District of Columbia, 256 U. S. 650, 41 Sup. Ct. 610, 65 L. Ed. 1146, 14 A. L. R. 1471; Love v. Atlanta, 95 Ga. 129, 22 S. E. 29, 51 Am. St. Rep. 64; Savannah v. Jordan, 142 Ga. 409, 83 S. E. 109, L. R. A. 1915C, 741, Ann. Cas. 1916C, 240; Savannah v. Jones, 149 Ga. 139, 99 S. E. 294; Kippes v. Louisville, 140 Ky. 433, 131 S. W. 184, 30 L. R. A. (N. S.) 1161; Louisville v. Carter, 142 Ky. 443, 134 S. W. 468, 32 L. R. A. (N. S.) 637; Louisville v. Hehemann, 161 Ky. 523, 171 S. W. 165, L. R. A. 1915C, 747; Johnson v. Somerville, 195 Mass. 371, 81 N. E. 268, 10 L. R. A. (N. S.) 715; Cassidy v. St. Joseph, 247 Mo. 197, 152 S. W. 306; Behrmann v. St. Louis, 273 Mo. 578, 201 S. W. 547; Conelly v. Nashville,

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

100 Tenn. 262, 46 S. W. 565; McFadden v. Jewell, 119 Iowa, 321, 93 N. W. 302, 60 L. R. A. 401, 97 Am. St. Rep. 321; Condict v. Jersey City, 46 N. J. Law, 157; Bruhnke v. La Crosse, 155 Wis. 485, 144 N. W. 1100; Connor v. Manchester, 73 N. H. 233, 60 Atl. 436. A municipality is not liable for the negligence of an employee except for wrongs or injuries resulting from negligence of such employee consistent with the doctrine of respondeat superior. Code 1907, § 1273; City of Birmingham v. Carle, 191 Ala. 539, 68 South. 22, L. R. A. 1915F, 797; Bloom v. City of Cullman, 197 Ala. 490, 73 South. 85; Ratliff v. City of Bessemer, 17 Ala. App. 632, 88 South. 208. Construing the counts of the complaint most strongly against the pleader, it must be presumed that the wagon was being used for a governmental purpose. Mayor and Aldermen of Huntsville v. Ewing, 116 Ala. 576, 22 South. 984. The first count of the complaint does not sufficiently show that the employee was engaged in the line of his duty. Daniels v. Carney, 148 Ala. 81, 42 South. 452, 7 L. R. A. (N. S.) 920, 121 Am. St. Rep. 34, 12 Ann. Cas. 612; Illinois Central Ry. Co. v. Elliott, 17 Ala. App. 134, 82 South. 582; Morrison v. Clark, 196 Ala. 670, 72 South. 305; Western Ry. of Ala. v. Milligan, 135 Ala. 205, 33 South. 438, 93 Am. St. Rep. 31.

Jones, Jones & Van de Graaff, of Tuscaloosa, for appellee.

The driver of a city trash cart is not engaged in a governmental duty, and the city is liable for his negligence. City of Pass Christian v. Fernandez, 100 Miss. 76, 56 South. 329; Young v. Metrop. S. Ry., 126 Mo. App. 1, 103 S. W. 135; Missano v. Mayor, etc., 160 N. Y. 123, 54 N. E. 744; City of Denver v. Davis, 37 Colo. 370, 86 Pac. 1027, 6 L. R. A. (N. S.) 1013, 119 Am. St. Rep. 293, 11 Ann. Cas. 187; City of Denver v. Porter, 126 Fed. 288, 61 C. C. A. 168; Consol. Co. v. Mayor, etc., 131 Md. 523, 102 Atl. 920, L. R. A. 1918C, 1181; Bowden v. Kansas City, 69 Kan. 587, 77 Pac. 573, 66 L. R. A. 181, 105 Am. St. Rep. 187, 1 Ann. Cas. 955; Hamlin v. City of Biddeford, 95 Me. 308, 49 Atl. 1100; Murphy v. City of Indianapolis, 158 Ind. 238, 63 N. E. 469; Arndt v. City of Cullman, 132 Ala. 540, 31 South. 478, 90 Am. St. Rep. 922; City of Montgomery v. Stephens, 14 Ala. App. 274, 69 South. 970. Where judgment is rendered on a good count in the complaint, error in overruling demurrer to other counts is harmless. Bohannon v. Chapman, 17 Ala. 696; Ala. S. & W. Co. v. Thompson, 166 Ala. 460, 52 South. 75; Foust v. Kinney, 202 Ala. 392, 80 South. 474; Shannon v. Lee, 178 Ala. 463, 60 South. 99; Hill's Adm'r v. Nichols, 50 Ala. 336; Espalla v. Wilson, 86 Ala. 487, 5 South. 867.

MILLER, J. Dr. Alston Fitts, appellee, brings this suit against the city of Tuscaloosa, the defendant and appellant, for the value of a certain piece of plate glass, about 9 by 12 feet in size, which he alleges was broken through the negligence of the driver of one of the defendant's trash wagons, while acting in the line and scope of his duties.

The plaintiff was the owner of a building in the city of Tuscaloosa, which was used as a drug store. The building did not extend back to the alley, nor did it extend to the end of plaintiff's lot; the rear of said building being about 40 feet from the alley. The buildings on each side extend back to or nearer the alley than plaintiff's building. The plate glass was crated with plank, and was leaning against the side of a building in the rear of the drug store on a vacant lot belonging to plaintiff, between the drug store and the alley, and could be seen through the cracks. It had been there for a year or two. The driver drove the wagon into the alley, backed it into the area in the rear of the drug store for the purpose of collecting trash or garbage, or both, and in so doing the wagon struck the crate of glass, smashing it.

The jury returned a verdict in favor of the plaintiff, and from a judgment thereon by the court the defendant appeals. There are three counts in the complaint; demurrers to each were overruled by the court.

[1] Count 1 avers:

"A servant, agent, or employee of defendant, while driving defendant's trash wagon in the city of Tuscaloosa, Alabama, and while engaged in and about the duties of his employment by defendant, negligently drove defendant's trash wagon upon," etc.

This is equivalent to averring, as the statute requires, that the injury was suffered through the negligence of some officer, agent, or employee of the defendant, engaged in work therefor and while acting in the line of his duty. Section 1273, Code 1907. Count 1 further avers the injury occurred while driving "defendant's trash wagon." Its purpose is not averred through any fact. Count 2 avers the injury occurred while driving defendant's "wagon and mule"; no purpose for which the wagon was used being mentioned by any fact. Count 3 avers the injury occurred "while engaged in cleaning up or taking up trash from the public streets or alleys in the city." This appears to have been done probably for the health of the public.

[2-4] Under demurrer, these counts must be construed most strongly against the pleader. 10 Michie, Dig. 1005, § 22 (2). Each count, to be sufficient under demurrer, should affirmatively aver facts showing the liability of the defendant. The defendant is a municipal corporation. To it has been delegated the right to establish and maintain crematories for the destruction of garbage and like substances, either within or without the city limits, and to haul or cause to be hauled to such crematories "trash and garbage of all kinds," and cause the destruction of the

same therein. Section 1282, Code 1907. These are governmental functions, delegated by the Legislature to municipalities, designed primarily to promote public health and comfort to the public as a whole, and the municipality is not liable for the torts of its agents or employees occurring while in the exercise and in the performance of that governmental function. 28 Cyc. 1305, headnote 74–75; Kuehn v. City of Milwaukee, 92 Wis. 263, 65 N. W. 1030; Harris v. Dist. of Columbia, 256 U. S. 650, 41 Sup. Ct. 610; 65 L. Ed. 1146, 14 A. L. R. 1471; Louisville v. Hehemann, 161 Ky. 523, 171 S. W. 165, L. R. A. 1915C, 747; Johnson v. Somerville, 195 Mass. 371, 81 N. E. 268, 10 L. R. A. (N. S.) 715; Conelly v. Nashville, 100 Tenn. 262, 46 S. W. 565; McFadden v. Jewell, 119 Iowa, 321, 93 N. W. 302, 60 L. R. A. 401, 97 Am. St. Rep. 321; Ratliff v. Bessemer, 17 Ala. App. 632, 88 South. 208, headnote 2.

[5] Each count should allege facts showing the purpose for which the wagon and mule were being used by the city's agent at the time of the injury to the glass. This purpose should be the performance of a ministerial work, and not a governmental function of the city, and it should affirmatively appear to be a negligent performance of a ministerial act, causing the injury for which the statute makes the city liable. Section 1273, Code 1907; City of Florence v. Woodruff, 178 Ala. 137, 59 South. 455; City of Birmingham v. Carle, 191 Ala. 539, 68 South. 22; Bloom v. City of Cullman, 197 Ala. 490, 73 South. 85; Ratliff v. City of Bessemer, 17 Ala. App. 632, 88 South. 208, headnote 2.

[6] Nothing appearing in any one of these three counts to the contrary, it will be presumed by the court that this "trash wagon," referred to in count 1, was being run by the defendant, and "this wagon and mule" referred to in count 2, were being used by the defendant, and "the wagon and mule engaged in cleaning up or taking up trash from the public streets or alleys," in count 3, were run by the city, the defendant, when the injury occurred in the exercise of its legitimate governmental powers, and for the public purpose of cleaning the city of its "trash and garbage of all kinds," to benefit the health of the entire public, within and without the municipality. Mayor, etc., v. Ewing, 116 Ala. 576, headnote 1, 22 South. 984.

This wagon and mule, nothing appearing in any one of the counts to the contrary, may have been used at the time the injury occurred to remove from the streets and alleys all the trash and garbage of all kinds that would contaminate the atmosphere and breed disease and pestilence. If so, then its servant would be exercising a governmental function in using the wagon and mule for that purpose, and the defendant would not be liable for the injury which occurred while the city was so doing. Neither count avers

any facts showing a right to recover damages from the city for the injury to the glass, and the demurrers pointing out these defects in each of the counts should have been sustained. Mayor, etc., v. Ewing, 116 Ala. 576, headnote 1, 22 South. 984; Ratliff v. City of Bessemer, 17 Ala. App. 632, 88 South. 208, headnote 2; Bloom v. City of Cullman, 197 Ala. 490, 73 South. 85, and other authorities supra.

[7] As no count in the complaint states a cause of action against the defendant, it is not necessary for us to consider the other errors assigned and arising in the trial of the cause.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.