# North Alabama Traction Co., *et al. v.* Hays, *et al.*

## *Damage to Realty.*

(Decided December 4, 1913.   64 South. 39.)

1. *Eminent Domain; Change of Grade; Municipality; Liability.*— A city has no authority to improve a street by changing the grade thereof to the injury of abutting property, without first making just compensation to the owners thereof.

2. *Same.*—Where a street was fifty-nine feet wide from sidewalk to sidewalk, and the city elevated the grade of the street, and by ordinance required a street railway to raise its tracks and the earth eighteen inches on either side to conform to the newly established grade, the change for 25 feet on either side of the track being made by the city and not by the street railway company, the street railway company was not liable to abutting owners for injuries to their property resulting from the interference with the accessibility thereto, and overflows thereof in wet seasons, since the action of the street railway company could not have been the proximate cause of the injury.

3. *Appeal and Error; One or More Parties; Reversal.*—While the general rule is that joint judgments will be treated as entireties on appeal, and a reversal on the appeal of one defendant will require a reversal as to both, yet in an abutting owner's action against a city and a street railway company for injuries caused by the change in the grade of streets, where it appeared undisputedly that the company's act in changing the grade of the street and elevating its track for eighteen inches on either side thereof had no proximate connection with the injury and the exceptions reversed on the part of the city had no merit, a reversal of the judgment against a street railway company does not require a reversal of the judgment against the city, and such judgment may be affirmed.

APPEAL from Morgan Circuit Court.

Heard before D. W. SPEAKE.

Action by Fanny Hays and others against the city of Decatur, and the North Alabama Traction Company, for damages to abutting property on account of the change in the grade of the street. Judgment for plaintiffs and defendants appeal. Affirmed as to the city of Decatur, and reversed as to the Southern Railway.

EYSTER & EYSTER, for appellant.  Under the statute, a defendant had a right in addition to its general denial to file as many and as inconsistent special pleas as it thinks proper and when these special pleas are stricken on demurrer, segregated portions of the same may not be introduced in evidence to controvert the plea of not guilty.—*McDonald v. Montgomery St. Ry.*, 110 Ala. 174; *Lehman v. Shivers*, 129 Ala. 321; 12 Ala. 362; 31 Cyc. 151.  The court should have permitted the introduction of the ordinances and franchises to show that the street railway company was lawfully operating on said street and that the city required it to raise its grade.—Chap. 32, Code 1907.  The court should have given the general charge for the Traction Company.—*Bir. Tract. Co. v. B. R. & E. Co.*, 119 Ala. 137; *Baker, et al. v. Selma St. & S. Ry.*, 135 Ala. 554.  Section 235, Constitution 1901, is not applicable to this appellant because the embankment was raised by the city of Decatur, and tracks of the Traction Company were so far removed from the property on either side that they could not be said to be the proximate cause of the injury.—1 Nellis on St. Ry., 359; 135 Ala. 552; 26 Pac. Rep. 422; 49 S. W. 661.  If any damage occurred it was occasioned by the city.—101 Ala. 381.

O. KYLE, for appellee. The motion to strike the assignments of error made by the city of Decatur should be granted as it neither executed supersedeas bond nor made a bond for costs.—*Martin Mach. Wks. v. Miller*, 132 Ala. 633; *Kimbrell v. Rogers*, 90 Ala. 339; 2 Cyc. 818.  The appeal is by the Traction Company, and section 2884, Code 1907, as amended by Acts 1911, p. 589, does not do away with the necessity of each appellant giving bond.—*Vaughn v. Higgins*, 68 Ala. 546.  Of the 43 assignments of error, only 11 are discussed, and of

course the others are waived.—*L. & N. v. Hollands,* 173 Ala. 675. The legal title was in plaintiffs.—*So. Ry. v. Hays,* 150 Ala. 212. Under the evidence, therefore, the affirmative charge was properly refused. If the lower court committed error in allowing a certain proportion of the pleas to be admitted in evidence, it was without injury because its answers to the interrogatories admitted everything that could be disputed under the plea, and McCalla's evidence must be presumed to be true, as it was not contradicted.—*B. R. L. & P. Co. v. Cochran,* 60 South. 304; *Scroggins v. A. & G. P. C. Co.,* 60 South. 176. The city could not by ordinance or otherwise confer more power on another than it had in itself, and it is not made to appear that said ordinance was in force at the time appellant did the work.—*Adler v. Martin,* 59 South. 601.

SAYRE, J.—In this action, brought in 1909, appellees recovered judgment against the city of Decatur and the North Alabama Traction Company, sued jointly, for that defendants elevated the grade of Church street adjacent to appellees' property in said city, thereby interfering with the accessibility of the property and causing it to be overflowed in wet seasons. The complaint alleged that the work which caused the injury was done by defendants during the year 1909. The traction company defended on the ground, to state its contention in a general way, that what it had done had not proximately and efficiently contributed to the injury complained of, and this defense, we think, should have been allowed on the undisputed evidence.

The facts were these: Prior to 1909 the traction company, operating under a franchise from the city, had maintained its track along the center of the street on the grade previously fixed by the municipal authorities,

and over that track had operated its cars. Measured from property line to property line, the street was 99 feet wide. From sidewalk to sidewalk the roadway measured 59 feet. In 1908 the municipal authorities determined to raise the grade of the street, the change involving an elevation of two to three feet along the front of appellees' abutting property. Being required so to do by an ordinance, the traction company, to which we shall hereafter refer as the defendant, raised its track and the earth for 18 inches on either side, so as to conform to the newly established grade of the street. The remainder of the roadway of the street was filled in by the city. After a while the city covered the street, including defendant's right of way, so to speak, with a pavement of crushed stone, and for its pro rata share of this work the defendant paid.

Assuming that the totality of the work so done resulted in injury to appellee's property, our judgment is that this defendant is not liable therefor. Under the Constitution and statutes of this state the municipality had no authority to construct or improve its highway to the injury of abutting property without first making just compensation to the owner for the injury so done. No more could it authorize or compel the defendant so to do. We are not required to say what would have been defendant's responsibility if it had done the entire work of elevating the roadway of the street on the procurement or under the order and direction of the city council. As matter of fact it did nothing outside the line of its rails and 18 inches on either side. What it did had no effect upon the flow of water to either side, while the elevation of its track left the roadway of the street for a space of approximately 25 feet on either side of its track as it had previously been, thus making it plain to every practical intent and purpose that it neither effected nor

was party to any impairment of appellees' right of access. It should therefore have been acquitted. The trial court held to a different view, which it expressed in its rulings on evidence and in instructions to the jury, and its judgment against the traction company ought to be reversed.

As appears from the bond for supersedeas and the certificate of appeal this appeal was taken by the traction company alone. Summons was issued from the court below to the city of Decatur to appear in this court and join in the appeal if it should see proper, and it has appeared and has assigned errors, this by virtue of section 2884 of the Code of 1907 as amended by the act of April 21, 1911 (Acts, p. 589). Appellees have moved to strike the assignments of error made by the city for the assigned reason, in effect, that the city did not join in the appeal bond; the purpose and expectation being, we presume, that the judgment as against the city should stand in the event the judgment against the traction company should be reversed. The general rule is that joint judgments are to be treated as entireties on appeal, and a reversal on the appeal of one defendant will re quire a reversal as to both, the reason and policy of the rule being that, where the rights and obligations of the parties are necessarily blended in the judgment, and are thus dependent one upon the other, though they be not strictly joint, the appellate court will render such judg ment as will permit and require the entire controversy to be settled in one proceeding, in which the rights and liabilities of all parties may be considered and consistently determined.—Elliott, App. Proc. §§ 574, 575. But here, as we have seen, on the undisputed facts the traction company had no proximate or responsible connection with the wrong and injury of which the appellees complain. The principle of the entirety of judgments on

appeal can therefore have no just application to this case, even though it be conceded that judgments in tort are not generally severable—a concession we are not prepared to make, in view of our statutes which make the obligation of parties bound by judgment several as well as joint.—Code, § 2503.

Most of the exceptions shown by the record were re-served specifically on behalf of the traction company. Such as were reserved on behalf of the city of Decatur related to rulings of small consequence, and seem to have no merit. No brief has been filed for the city. Its joinder in the appeal appears to have been a pro forma proceeding. It results that the judgment as against the city must be affirmed. This result attained, we need not pass upon the motion to strike, for in any event appellees must be content with a judgment against the city alone.

The judgment as against the traction company will be reversed, and the cause as to it remanded, in order that the trial court may dismiss with an order properly apportioning the costs in that court between the city of Decatur and the plaintiff.

The costs on appeal will be taxed against the appellees. Affirmed in part and reversed and remanded in part.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE, JJ. concur.