175 So. 700

BADGER et al. v. HOLLON.

NELSON et al. v. SAME.

6 Div. 59.

Court of Appeals of Alabama.
March 23, 1937.

Rehearing Denied June 29, 1937.

Erle Pettus, Erle Pettus, Jr., J. Reese Murray, and J. P. Mudd, all of Birmingham, for appellants.

H. M. Abercrombie and Jarrett Abercrombie, both of Birmingham, for appellee.

RICE, Judge.

Two suits were brought by C. P. Hollon. One, against Homer Badger, as deputy sheriff, and the Royal Indemnity Co., Inc., a corporation, as the surety on the official bond of said Badger; and the other, against Morris Nelson, as deputy sheriff, and the Royal Indemnity Co., Inc., a corporation, as the surety on the official bond of said Nelson.

Upon motion of the defendants in the two suits, and over the objection of the plaintiff, the same were "consolidated," purportedly under the authority of, and in accordance with, the provisions of the act of the Legislature of Alabama approved September 13, 1935 (Gen.Acts Ala.1935, p. 1010).

■ Since judgment went in favor of the plaintiff in each of the two actions, and he does not appeal, nor assign error, it seems that neither said act nor the trial court's "order of consolidation," thereunder, is before us for discussion.

The plaintiff in the two suits and the defendants entered into an agreement in writing, filed with the record here, that but one transcript should be made up on this appeal; and that each defendant (all of whom were cast in the court below) should have the right to assign errors, separately and severally, upon said transcript, so that the appeal should be considered and treated here as though each defendant below had separately and individually appealed from the judgment rendered against him or it; as, indeed, they did do.

We accepted the submission under said agreement.

### On Appeal of Badger.

The complaint was in three counts; the first charging appellant (as deputy sheriff) with "trespass to real estate"; the second, with "unlawful arrest"; and the third, with "assault and battery." Demurrers were filed and overruled.

By giving written charges at the request of defendant (appellant) the trial court limited any recovery to purely compensatory damages actually sustained; expressly charging the jury that neither punitive damages, nor damages sustained on account of any money spent for medicine or doctor's bills in plaintiff's (appellee's) efforts to heal and cure his wife, nor damages sustained by loss of services of his wife, could be recovered.

■ Plaintiff's (appellee's) testimony, as we read it, tended to make out the averments of each count of his complaint. It was, essentially, to the effect that appellant broke into his house about 2 o'clock in the morning of a certain day and "greatly maltreated and abused him, under the claim that he was looking for plaintiff's brother, for whom he had a warrant of arrest." Plaintiff's testimony further tends to show that after appellant broke into his home, arrested and assaulted him, he discovered his mistake and apologized. His testimony is further to the effect that his wife, who was present, was in a very delicate state of health.

Testimony on behalf of appellant, including his own, was in sharp conflict with that of plaintiff (appellee), being, as we read it, a complete denial of that offered by appellee.

A jury case was presented.

Appellant first complains that the trial court erred in overruling his objection to the following question propounded to plaintiff (appellee) while testifying in his own behalf, to wit: "Well, how did your wife appear at the time they (he) left as far as her nervous state or condition was concerned?" and, he cites, in support of his contention for error in this regard, the opinion in the case of Disheroon v. Brock, 213 Ala. 637, 105 So. 899.

■ But, as we read said opinion, the judgment should not be reversed because of the ruling in question. We quote the excerpt from same quoted in appellant's brief: "It is not easy to reconcile all of our decisions as to the admissibility of a witness' testimony as to the mental or emotional state of another person whom he has observed. We think, however, that the trial court did not err in permitting Mrs. Hayes to state, as a collective fact, that plaintiff was 'awfully nervous' shortly after the alleged search of her home and for a week afterwards. * * * Such statements, subject as they are to cross-examination, can do little harm in any case, and the trend of modern decisions is opposed to making their admission a ground for the reversal of judgments *unless they are clearly improper and manifestly prejudicial.*" (Italics supplied.)

If it be said, here, that the information sought by said question was "improper," in view of the issues submitted to the jury, we cannot see how it could have been "prejudicial," when it stood to reason, in the natural course of things, that if plaintiff's (appellee's) story was to be believed, and the jury appears to have believed it, his wife *would be* nervous.

■ It is our opinion that the action shown to have been taken by the trial court, upon the statement by appellee's counsel to the sheriff's attorney (representing appellant): "You represent the sheriff and take their money that we pay as taxpayers for your salary," was efficacious to the end of removing any possible harm to appellant growing out of said statement. We do not see, without detailing what was done in our opinion, what other steps the court might have taken to remove any improper prejudice engendered, than those he did employ. And we do not consider the injury, if any, worked by the remark, ineradicable. So we hold there was no error in overruling the motion to declare a mistrial because of the making of said statement.

Appellant requested, and the trial court refused to give to the jury, the following written charge, to wit: "XY. In weighing the testimony of the plaintiff Hollon as a witness in his own behalf, the jury may consider the fact if it be a fact that said witness Hollon's testimony is impeached either by contradictory statements or by other evidence in the case."

■ We do not find the above-quoted charge to be abstract; nor, so far as we can see, was it subject to any other of the objections urged here against it by appellee's counsel as a sufficient reason for its not being given to the jury. Manifestly, as it appears to us, the substance of said charge was covered by and included in neither the oral charge of the court nor any charge given at appellant's request. We hold its refusal was error. Seawright v. State, 160 Ala. 33, 49 So. 325; Jebeles-Colias Confectionery Co. v. Booze, 181 Ala. 456, 62 So. 12.

■ We think, and hold, it was error to refuse to give to the jury, at appellant's request, the following written charge, to wit: "C2. If you believe the evidence in this case, you cannot award the plaintiff any damages

on account of any mental pain and anguish suffered by his wife." Woodstock Iron Works v. Stockdale, 143 Ala. 550, 39 So. 335, 5 Ann.Cas. 578. Without such an instruction, in the way the complaint was drawn, the jury might naturally have concluded that the mental pain and anguish suffered by the wife, if they found she *did* suffer such, *was* an element of recoverable damages.

■ Appellant's written, requested and refused charge C–3 was, in our opinion, in so far as it was not abstract, sufficiently covered by other written charges given at appellant's request, in connection with the oral charge of the court, to render its refusal proper.

■ "Charges moved for by either party must be in writing, and must be given or refused *in the terms in which they are written.*" (Italics supplied.) Code 1923, § 9509. This indicates, and we hold, that there was manifestly no error in refusing appellant's written requested charge 11; as *written,* it was unintelligible.

We believe what we have said hereinabove sufficiently sets forth our view that there was no error in refusing to give to the jury at appellant's request the general affirmative charge to find in his favor.

Since the judgment must be, and hereby is, reversed for the errors already pointed out, we will not at this time consider the action of the court in overruling appellant's motion to set aside the verdict of the jury and grant to him a new trial.

### On Appeal of Nelson.

The identical errors committed in the trial of Badger seem to have been committed in the trial of Nelson. So, upon the authority of what we have said hereinabove, we order the judgment against Nelson reversed.

■ Obviously, a new trial as to ·Badger and Nelson might cause a "change in the liability" of the appellant Royal Indemnity Co., Inc., a corporation. Hence, that justice may be done, it is proper that the judgments appealed from, as to each appellant, be reversed, and the cause remanded for another trial. City of Tuscaloosa et al. v. Fair, 232 Ala. 129, 167 So. 276.

It is so ordered.

Reversed and remanded.