41 So.2d 298

### SCOTT v. UNITED STATES FIDELITY & GUARANTY CO.
### 6 Div. 717.

Supreme Court of Alabama.
June 16, 1949.

374

S. Palmer Keith, Jr., of Birmingham, for appellant.

Spain, Gillon, Grooms & Young and Frank M. Young, of Birmingham, for appellee.

LIVINGSTON, Justice.

Appellant, Guy Scott, a resident citizen of Jefferson County, Alabama, instituted this suit in the Circuit Court of Jefferson County against the United States Fidelity and Guaranty Company, a corporation, as surety on the bond of Arnold Harbour, sheriff of Kemper County, Mississippi. The complaint is grounded on an alleged assault and battery of the plaintiff by Arnold Harbour, as sheriff while acting under color of his office. It is alleged that appellee, as surety, and Arnold Harbour, as principal, entered into a bond in the penal sum of $10,000 conditioned upon the faithful performance of all the duties of Arnold Harbour, as sheriff of Kemper County, Mississippi.

Appellee interposed three pleas in abatement of the suit.

Plea One is predicated on the theory that the appellee was surety on the official bond of Arnold Harbour, as sheriff of Kemper County, Mississippi, and the sheriff is not made a party to the suit; and that suit cannot be maintained against the surety alone until the liability of the sheriff shall be first fixed.

Plea Two as last amended is based on the theory that compliance with section 253 of the 1942 Code of Mississippi, after notice as provided in said section, is a condition precedent to appellee's liability on the sheriff's bond.

Plea Three is predicated on the theory that under the laws of Mississippi and the nature of the alleged wrongful act, the cause of action is local in character, not transitory, and the courts of this State have no jurisdiction; and further, that the assumption of jurisdiction of this cause would be an improper and unlawful inter-

ference by the courts of Alabama with the laws of Mississippi relating to the government of the state of Mississippi.

Demurrer to the pleas in abatement were interposed and overruled. Whereupon, by agreement of the parties, a jury was waived and the issues raised by the pleas in abatement were submitted to the trial court on a stipulation of facts and a letter from the clerk of the Circuit Court of Kemper County, Mississippi, to the effect that no suit had ever been filed against Sheriff Harbour for the alleged assault and battery of appellant. The trial court made and entered a judgment sustaining the pleas, and this appeal followed.

The agreed facts and letter of the clerk of the Circuit Court of Kemper County, Mississippi, clearly sustain the allegations of the several pleas; and the question is, are they sufficient in law?

■ This action is for a breach of contract, the conditions of the bond, and is not an ex delicto action. Our cases are to the effect that an ex delicto action may be maintained against the principal for the commission of a tort; and under our statutes his sureties may be joined in the same suit. See, Shell v. Pittman, 229 Ala. 380, 157 So. 205; Jones v. Buckelew, 247 Ala. 475, 25 So.2d 23.

The Code of Mississippi provides for the election of the sheriff, his term of office, his oath and bond. Code of 1942, section 4231.

Sheriff Harbour's bond was conditioned upon his faithful performance of the duties of the office of sheriff of Kemper County, Mississippi.

The statutes of Mississippi, Code of 1942, provide:

"4231. There shall be chosen one sheriff for each county, who shall be commissioned by the governor, and shall continue in office for the term of four years and until his successor shall be qualified, unless sooner removed; and before he enters upon the duties of his office he shall take the oath prescribed by the constitution and enter into bond, with two or more sufficient sureties, in the penalty hereinafter specified, and conditioned according to law."

"4034. The bonds of all public officers shall be made payable to the state, and shall be put in suit in the name of the state for the use and benefit of any person injured by the breach thereof; and such bonds shall not be void on the first recovery, but may be put in suit from time to time by any party injured by the breach thereof, until the whole penalty shall be recovered."

"4234. The remedy upon sheriff's bond shall be joint and several against all or any one or more of the obligors; but in all suits thereon against the surety or sureties, the liability of the sheriff shall be first fixed, except when the sheriff is a party to the suit, has died or removed or is not found."

"253. Any person bound as surety or accommodation indorser for another, may, at any time after the debt has become due or liability been incurred, give notice in writing to the creditor to commence and prosecute legal proceedings against the principal debtor, if living and resident within this state, for the recovery of the debt; and if the creditor fail to commence legal proceedings by the next term of the court in which the same shall be instituted, to be held after the expiration of thirty days from the giving of the notice, and to prosecute the same to effect, the surety who shall have given the notice shall be discharged from liability. It shall not be lawful to plead or to give in evidence under this section a notice not in writing, and any act of the creditor shall not be a waiver of notice in writing as herein required."

■ Our cases hold that the official bond of a public officer is in legal effect payable and conditioned as required by law, and has the effect of imposing such obligations as are required by statute. Sections 51 and 52, Title 41, Code; Mobile County v. Williams, Judge, 180 Ala. 639, 61 So. 963; American Bonding Co. v. New York & Mexican Whiting Co., 11 Ala.App. 578, 66 So. 847, 850; National Surety Co. v. State, 219 Ala. 609, 123 So. 202; Jones v. Buckelew, supra.

The decisions of the Supreme Court of Mississippi are to the same effect. See, State, ex rel. Berry v. Hundley, 125 Miss. 355, 87 So. 890, 891. And it was held in

the case of Brown v. Weaver, 76 Miss. 7, 23 So. 388, 391, 42 L.R.A. 423, 71 Am.St. Rep. 512, that a suit on a sheriff's bond should be brought in the name of the state of Mississippi for the use of the party injured.

The question arises as to whether the rights conferred by the foregoing Mississippi statutes are substantive rights or are said statutes merely remedial. The bond of the sheriff was given in accordance with the statutes and is therefore governed by the statutes. The state of Mississippi, and not the injured party, is the named obligee in the sheriff's bond. The statute which gives the right also prescribes the method in which the right shall be enforced. The party claiming injury has no rights under the bond except such as the statute gives. There are many differences between th laws of Mississippi, as embodied in the above quoted sections of the Code and the statutory law of Alabama dealing with the same or related subject. See, sections 50 and 104, Title 41, 1940 Code of Alabama.

The statutory law of Mississippi creates susbtantive rights, subject to the conditions imposed by the statutes creating the right. Conditions are in many cases inserted in a bond in the nature of conditions precedent to liability thereon and where so inserted, as here, by incorporation of the statutory law of Mississippi in the bond, a performance of or compliance therewith is a prerequisite to the maintenance of an action to recover on such bond. 11 C.J.S. Bonds, § 104, p. 469.

Appellee's plea one is an answer to the present suit because such suit cannot be maintained against the surety alone until the liability of the sheriff shall be first fixed, and no such liability has been fixed. Section 4234, 1942 Code of Mississippi.

Plea two is likewise good and sufficient because section 253 of the 1942 Code of Mississippi has not been cmplied with by suing the sheriff after notice to do so, given by the surety in accordance with said section 253.

Plea Three incorporates the provisions of sections 4034 and 4234, and denies liability because the suit is not brought in the name of the state of Mississippi, for the benefit of the plaintiff, and because this suit is against the surety alone and the liability of the sheriff was not first fixed before this suit was instituted. Plea three is sufficient. As before stated, the stipulation of facts together with the letter from the clerk of the Circuit Court of Kemper County, Mississippi, are sufficient proof of the facts alleged in the several pleas; and appellant was not entitled to recover.

Arguments are made in briefs for both appellant and appellee touching the question as to whether or not this action is local or transitory. We deem an answer to the question unnecessary for the disposition of the case before us. Nor do we think it necessary to discuss the principle that one state will not interfere with the enforcement of statutes that are made to induce performance of the duties of officials of another state, or that one state will not interfere with the internal police regulations of another state. In this connection, see Barnett v. National Surety Corp., 195 Miss. 528, 15 So.2d 775; Brower v. Watson, 146 Tenn. 626, 244 S.W. 362, 26 A.L.R. 991; Pickering v. Fiske, 6 Vt. 102.

Section 97, Title 7, 1940 Code of Alabama, does not determine the result of the questions presented by this record.

Affirmed.

BROWN, FOSTER, and SIMPSON, JJ., concur.