232 So.2d 649

**:LLOYD WOOD CONSTRUCTION CO., Inc.,
et al.**

v.

**CON–SERV, INC., et al.**

4 Div. 372.

Supreme Court of Alabama.

Jan. 22, 1970.

Rehearing Denied March 5, 1970.

**410**

Zeanah, Donald & Lee, Tuscaloosa, Tipler & Fuller, Andalusia, for appellants.

Harold Albritton, Albrittons & Rankin, Andalusia, and Bradley, Arant, Rose & White, Birmingham, for appellees.

MADDOX, Justice.

Lloyd Wood Construction Co., Inc., one of the appellants, was the prime contractor on a sewer system project for the City of Opelika. Con-Serv, Inc., an appellee, was the sub-contractor for the construction of three lift stations on the project. Wood executed a labor and material bond as required by Title 50, § 16, Code of Alabama 1940, with Continental Casualty Co. as surety, with condition that Wood would pay all persons supplying it with labor, materials or supplies for or in prosecution of the work provided for in the contract between Wood and the City of Opelika.

Con-Serv began work on the project, but from the very beginning, disagreements developed between Wood and Con-Serv, culminating in charges by Con-Serv and Wood that the other had breached its obligation.

Con-Serv, initially the sole plaintiff, brought this action pursuant to the provisions of § 16, Title 50, Code of Alabama, alleging a breach of the bond executed by

Wood, as principal, and Continental, as surety. The bond was made to the City of Opelika, with condition that Wood would pay all persons supplying it with labor, materials or supplies for or in prosecution of the work provided for in a contract between Wood and the City of Opelika for the construction of a sewer system. Con-Serv alleged that it had furnished and supplied Wood with labor, materials or supplies for or in prosecution of work on the sewer system in the sum of $43,750.60 and that Wood had failed and refused to pay for this work. Con-Serv also alleged that notice of the amount and nature of the claim had been given to Continental as surety on the bond more than 45 days before the suit was commenced. After demurrers were filed by both Wood and Continental and were overruled by the court and Wood and Continental pleaded the general issue, Con-Serv filed an amended complaint containing two additional counts. Count II-A claimed $43,750.60 with interest for the breach of the condition of the bond, alleging that Con-Serv had supplied Wood with labor, materials or supplies in that amount which was unpaid. Con-Serv also claimed attorneys' fees. Count II claimed that Con-Serv had furnished labor, supplies and materials to Wood in the amount of $107,170.60, but that Wood had paid only $46,882.12 of this amount, leaving a balance due to Con-Serv of $60,288.48.

Wood and Continental filed additional pleas to the amended complaint and alleged that Con-Serv had, prior to the commencement of the suit, transferred all of its right, title and interest in the claim sued for to the Aetna Casualty & Surety Co., and that Con-Serv had no right, title or interest in the claim.

Con-Serv then filed an amendment to the amended complaint "by adding thereto as an additional party plaintiff, the Aetna Casualty & Surety Co., a corporation." Con-Serv also amended Counts I, II-A and III of the original complaint, as amended. Count I of the complaint, as last amended, claims $43,750.60 as damages, alleging that Con-Serv supplied Wood with labor, materials or supplies for or in prosecution of the work provided for in the sub-contract and that Wood failed to make payments for such work. Con-Serv alleged that it had executed a labor and material payment bond with Con-Serv as principal and Aetna as surety, and that prior to the filing of the action, Aetna made payments to persons who had furnished Con-Serv with materials in the total amount of $40,222.33, and that Aetna was subrogated to the rights of Con-Serv to the extent of such payments.

Count II-A, as last amended, also claimed $43,750.60 for the breach of the condition of Wood's bond and alleged that Con-Serv supplied and furnished Wood with labor, materials or supplies for or in the prosecution of the work provided in the contract between Wood and the City of Opelika, and that "although Defendant, Continental Casualty Company, a corporation, was given notice by *Plaintiff*, Con-Serv, Inc., a corporation, more than 45 days preceding the filing of this suit of the amount and nature of said claim, to the damage of the *Plaintiff*," the sum of $43,750.60 remained due and unpaid. Count II-A also claimed that Con-Serv executed a labor and material bond with Con-Serv as principal and Aetna as surety to make payment to all persons furnishing Con-Serv with labor or materials and that Aetna, as surety, made payments to certain persons who furnished Con-Serv with materials in the total amount of $40,222.33, and that Aetna became subrogated to the rights of Con-Serv in this action to the extent and amount of such payments.

Count III of the complaint as last amended claims $60,288.48 with interest for the breach of the bond by Wood and Continental and alleges that Con-Serv supplied and furnished to Wood at Wood's request labor, materials and supplies for or in prosecution of the work provided for in the contract between Wood and the City

of Opelika of the aggregate reasonable value of $107,170.60, and that Wood had paid to Con-Serv previously $46,882.12, but has failed to pay the balance in the amount claimed. Con-Serv further alleged that Continental, as surety, was given notice by Con-Serv more than 45 days preceding the filing of the complaint of the amount and nature of the claim. Con-Serv further alleges that Con-Serv executed a labor and material payment bond with Con-Serv as principal and Aetna as surety for the payment of all persons furnishing Con-Serv with labor or materials to be supplied to Wood, and that Aetna as surety made payments to certain persons who furnished Con-Serv with materials in the amount of $40,222.33, and that Aetna was subrogated to the rights of Con-Serv to the extent and amount of such payments.

Each count of the amended complaint claims attorneys' fees as provided for in Title 50, § 16, if the claim is not paid within 45 days after written notice is given.

To the complaint as last amended, Wood and Continental filed objections in writing and motions to strike the complaint as last amended, assigning as grounds that such amendment worked an entire change of parties plaintiff and added a new cause of action inconsistent with and a departure from the original action and that the last amendment contained a misjoinder of parties plaintiff and contained two separate and distinct causes of action by two separate and distinct parties. Both the objections and the motion to strike were denied by the court. Demurrers filed on behalf of both Wood and Continental to the complaint as last amended were overruled by the court. Wood and Continental then filed pleas alleging the general issue, payments of the debt claimed and set-off and recoupment.

After plaintiffs' demurrers to these pleas were overruled, Con-Serv and Aetna pleaded in short by consent the general issue, and the trial of the case was had before a jury, resulting in a verdict and judgment in favor of Con-Serv and Aetna and against Wood and Continental in the sum of $40,000.

Section 16 of Title 15 requires that a claimant give written notice to the surety on the contractor's bond of the amount claimed to be due and the nature of the claim 45 days prior to the institution of a suit. The action here was instituted on January 9, 1967. The only written notice of a claim which was given to Continental, as surety, were two letters, one dated November 8, 1966, and the other dated October 24, 1967, as follows:

"November 8, 1966

Continental Casualty Co.
310 South Michigan Avenue
Chicago, Illinois

RE: Sewage Pumping Stations
     Opelika, Alabama

Dear Sir:

    This letter is to give notice of claim against The Lloyd Wood Construction Company in the amount of $43,750.60 for extended overhead and work beyond the contract agreement on the reference project.

Yours very truly,

CON.–SERV., INC.

James W. Brady
President

JWB/ab"

"October 24, 1967

Continental Casualty Company
c/o Zeanah & Donald
Attorneys at Law
First National Bank Building
Tuscaloosa, Alabama

RE: Labor and Material Bond
Principal-Lloyd Wood Construction Company, Inc.
Obligee-City of Opelika, Alabama
Date of bond- 11/3/65

Gentlemen:

On behalf of Con-Serv., Inc., of Andalusia, Alabama, we hereby notify you that said Con-Serv, Inc. claims as due it under the above bond the sum of $16,537.88, in addition to the claim in the amount of $43,750.60 of which you were given written notice on November 8, 1966, making a total claim under the above bond of $60,288.48.

The nature of the total claim is as follows:

| | | | |
|---|---|---|---|
| 1. | Materials furnished pursuant to sub-contract which went into job or which were left on job and which were not previously billed .................................. | 7,370.78 | |
| 2. | Extra materials, supplied and equipment rentals furnished outside sub-contract, requested by Lloyd Wood Construction Company, Inc. or made necessary by actions of Lloyd Wood Construction Co., Inc. ............. | 17,631.16 | |
| 3. | Extra labor and labor expense outside sub-contract, requested by Lloyd Wood Construction Company, Inc. or caused by Lloyd Wood Construction Company ............ | 14,827.67 | 39,829.61 |
| 4. | 10% overhead ......................... | 3,982.96 | 43,812.57 |
| 5. | 10% profit ........................... | 4,381.25 | 48,193.82 |
| 6. | Amount due under Pay Estimate #6 submitted July 5, 1966 .................... | 5,008.39 | |
| 7. | Amount retained on all Pay Estimates ..... | 6,241.27 | |
| 8. | Work performed in July, 1966, pursuant to subcontract, but not billed .............. | 845.00 | |
| | Total Due | | 60,288.48 |

Con-Serv, Inc. also claims this total amount to be due under the above bond on the basis of quantum meruit, as the balance of the reasonable value of services, labor, materials, etc. furnished by Con-Serv, Inc. prior to the

illegal termination of its sub-contract with Lloyd Wood Construction Company, Inc., after deduction of the amounts previously paid by Lloyd Wood Contruction [sic] Company, Inc.

Sincerely yours,

ALBRITTONS & RANKIN

By:

Attorneys for Con-Serv. Inc.

HA: jwd

CC: Tipler & Fuller

Certified Mail—#394912

RETURN RECEIPT

INSTRUCTIONS TO DELIVERING EMPLOYEE

x Show to whom and when delivered     Show to whom, when and address where delivered     Deliver Only to Addressee

(Additional charges required for these services)

Signature or name of address—Zeanah and Donald

/s/ Judy Spencer

Certified No. 394912

Date Delivered: Oct. 25, 1967

Show where delivered—416 First Nat'l. Bldg. Tuscaloosa, Ala."

---

The critical question presented which will dispose of this appeal is whether the failure of Aetna to give 45 days' written notice to Continental of the amount claimed to be due and the nature of the claim must work a reversal of the judgment. Unquestionably, there was no written notice given by Aetna to Continental before Aetna was joined as a party plaintiff.

Con-Serv and Aetna contend that whether Aetna gave notice as required by Title 50, § 16, is immaterial since Aetna was partially "subrogated" to Con-Serv's claim against Wood. In effect, appellees say that since Aetna paid certain of Con-Serv's suppliers who had furnished materials which Con-Serv in turn furnished to Wood on the project, Aetna had a right to recover from Con-Serv the amounts it was forced to pay and thereby became subrogated to Con-Serv's claim for money due from Wood to the extent of such payment.

■ . As to subrogation rights, a surety does not stand in the shoes of the debtor whose performance he assured; rather he takes the position of the creditor who has been satisfied by the surety. United States Fidelity and Guaranty Co. v. First National Bank, 224 Ala. 375, 140 So. 755 (1932); Alabama-Tennessee Nat. Gas Co. v. Lehman-Hoge & Scott, D.C., 122 F.Supp. 314 (1954). As we said in United States

Fidelity & Guaranty Co. v. Yeilding Bros. Co. Dept Stores, 225 Ala. 307, 143 So. 176 (1932):

" * * * If a surety or guarantor of a debt pays that debt, it is not a payment so far as to extinguish it against the principal debtor. But the surety or guarantor thus paying it becomes subrogated to the rights and remedies of the creditor for its enforcement, even without an assignment * * *."

■ Appellees cite Maryland Casualty Co. v. Dupree, 223 Ala. 420, 136 So. 811 (1931) in support of their position. The Maryland Casualty Co. v. Dupree case does hold that a surety on a public contractor's bond has an equity akin to the doctrine of subrogation in money due under the contract. Admitting this as a sound principle of law, but not admitting Aetna was subrogated to Con-Serv here, the fact still remains that Aetna failed to give *any written notice* to Continental of the amount and nature of its claim as required by law before a suit could be maintained. Even assuming Con-Serv is correct in its position that Aetna was subrogated, Title 50, § 16, specifically requires written notice of the amount and nature of the claim prior to suit on the bond.

■ We find no similar case where this question has been decided with regard to an action on a public contractor's bond and the parties cite no case to us, but we think that the written notice required by Title 50, § 16 is a condition precedent to the maintenance of an action on the bond. We have held that compliance with similar statutory requirements of notice is a condition precedent to the maintenance of a suit. Dixon v. City of Mobile, 280 Ala. 419, 194 So.2d 825 (1967); City of Birmingham v. Weston, 233 Ala. 563, 172 So. 643, 109 A.L.R. 970 (1937).

Ground 52 of Wood's demurrer to the complaint as last amended raised the point that the complaint failed to allege written notice by Aetna to Continental as required by § 16 of Title 50.

Assignment of Error 6 by appellant Wood claims the trial court erred in overruling the demurrer of Wood to the complaint as amended. We agree with appellant Wood. Aetna's failure to give written notice of the amount claimed to be due and the nature of the claim precluded it from instituting this action on Wood's bond.

In view of the error of the trial court in holding that Aetna could maintain an action on the bond without having given at least 45 days written notice to Continental, we must reverse.

There is one other question presented. Appellees filed a motion here on October 7, 1969, to dismiss the appeal or affirm the judgment, saying that Continental Casualty Company failed to file a brief within 30 days after the transcript was filed here as required by Supreme Court Rule 12. Appellant Wood filed a motion here within the 30 day period asking for and being granted 15 additional days within which to file its brief. The brief, as finally filed within the 45 day period, was filed on behalf of *Wood and Continental.* Appellees say that we should affirm the judgment of the trial court or dismiss the appeal because of Continental's failure to file its brief as required by Rule 12. We have not considered Continental's assignments of error but feel that in this case the judgment must be reversed as to both appellants.

■■ Wood and Continental are joint appellants. The judgment was joint and we have previously held that joint judgments are to be treated as entireties on appeal. Since this was a suit on a bond with the principal and surety being both joined as defendants, it is the type of case where justice requires that the judgment appealed from, as to both Wood and Continental, be reversed, and the cause remanded for another trial. Badger v. Hollon, 27 Ala.App. 534, 175 So. 700 (1937);

City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276 (1936); North Alabama Traction Co. v. Hays, 184 Ala. 592, 64 So. 39 (1913). It is so ordered.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.

## ON REHEARING

MADDOX, Justice.

In view of appellee's very forceful argument on application for rehearing that we have changed the law of subrogation in the State of Alabama in the original opinion, we deem it advisable to extend our opinion. The theory upon which the plaintiffs proceeded in the trial court was that there was "one claim" and that Aetna, having paid part of Con-Serv's suppliers, was "partially subrogated" to Con-Serv's claim against Wood and Continental. A close reading of the original opinion will show that while we discussed rights of subrogation generally we did not decide that Aetna was or was not subrogated, but as indicated in the opinion, the sole question decided was whether, even if partially subrogated, Aetna should have given written notice as required by statute before it sued Continental. We held that regardless of what status Aetna had, if it was making a claim against Continental under statute which authorizes such suits, the giving of notice as the statute requires was a condition precedent. We still hold this to be the law.

■ Since the original opinion may be misconstrued in regard to the statements we there made regarding subrogation rights, we state here that we did not intend to say in the initial opinion that a surety, having paid its principal's obligations, would not be entitled to subrogation in an equivalent amount to the right of the principal to collect balances due on the contract price. See Maryland Casualty Co. v. Dupree, 223, Ala. 420, 136 So. 811 (1931). We do point out, however, that even though a surety, in a proper case, can be subrogated to the rights of its principal, we have found no case where a subcontractor and the surety on his performance bond, who has paid a part of his principal's obligations, has been allowed to proceed against the general contractor and its surety under the Miller Act or under similar state statutes on the theory that there is but "one claim" and notice to the general contractor's surety by the subcontractor alone is sufficient to allow a claim to be filed by both the subcontractor and his surety.

We think we should point out also that Aetna was the surety on Con-Serv's *performance bond*. Wood was the obligee on this bond and according to the conditions of the bond no right of action accrued on the bond to or for the use of any person or corporation other than the *obligee* or its successors. Under such facts, it is only reasonable to assume that if Aetna is to make claim against its own *obligee and its surety* in connection with the subcontract it should be required to give written notice and the nature of such claim to its obligee's surety.

■ Hopefully, we have erased appellee's concern that we have changed the law with regard to the right of a surety, in a proper case, to become subrogated to its principal when there is a right to collect balances due on the contract price. We thought we had carefully stated in the initial opinion that the question of "subrogation" was not necessary to a decision in the case because there was no question that Aetna had not given written notice as required by statute, which we held then and still hold to be a condition precedent. The Continental bond was given pursuant to the terms of Act No. 39, General Laws of Alabama, approved February 8, 1935 (Title 50, § 16). We have said that when a bond contains conditions which incorporate the statutory law, a compliance with such con-

ditions is a prerequisite to the maintenance of an action to recover on such bond. Scott v. United States Fidelity & Guaranty Co., 252 Ala. 373, 41 So.2d 298 (1949).

We are aware that Title 50, § 16, is to be liberally construed to effect the purpose of the statute. State for Use of Wadsworth v. Southern Surety Co., 221 Ala. 113, 127 So. 805, 70 A.L.R. 296 (1930). We are unwilling, however, to say that the Legislature intended to dispense with the notice requirement in fact situations as here presented.

The application for rehearing is due to be overruled and denied.

Opinion extended and application overruled.

LIVINGSTON, C. J., and MERRILL, HARWOOD and McCALL, JJ., concur.