6 So.2d 499

## CITY OF BIRMINGHAM v. BROCK.

### 6 Div. 887.

Supreme Court of Alabama.

Jan. 22, 1942.

Rehearing Denied March 12, 1942.

Wm. L. Clark, of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

was required to work on a private road of the city leading to its industrial water plant. This work was of a corporate character and this Court is now committed to the proposition that the municipality is liable to the convict for wrongful or negligent conduct of its agent in the performance of such character of work. That question has been here sharply debated and may be now considered as set at rest by the case of Hillman v. City of Anniston, 214 Ala. 522, 108 So. 539, 46 A.L.R. 89; Hillman v. City of Anniston, 216 Ala. 661, 114 So. 55; City of Anniston v. Hillman, 220 Ala. 505, 126 So. 169, upon which plaintiff places reliance for a recovery.

But we are persuaded the principle of the Hillman case is not here applicable. In the latter the underlying reasoning of the holding was that the convict be placed on the same basis with all other persons, employees and strangers, when the injury arose "in course of and by reason of so employing the prisoner", in work of a corporate character. The language of the opinion on page 509 of 220 Alabama, on page 173 of 126 So. is clear to that effect. In Densmore v. City of Birmingham, 223 Ala. 210, 135 So. 320, the Hillman case is noted but the reasoning of the opinion and conclusion reached clearly indicates the Court declined to give it further extension. As stated in that case "we are well committed to the * * * principle that it [the municipality] is not liable for injuries caused by the wrongful or negligent performance of its governmental functions". And this principle is, of course, recognized and emphasized by the statute, Title 62, § 660, Code 1940, especially applicable to the City of Birmingham, and if it is to be repudiated or abridged the law making body has full control, and it is a matter to be left for legislative determination.

■ Under the undisputed proof we are persuaded the injuries inflicted upon plaintiff were by the agent of the municipality while acting in the performance of a governmental function, and that the character of work was purely incidental thereto. Plaintiff with other city convicts was transported to the place of work on a truck and admittedly while thus being transported conspired with others to effect an escape. Title 14, § 101, Code 1940.

He says: "There was just a general agreement that the first chance we got we would run". He had discussed that morning the matter of running away with another convict, one Allison. "Only that morning

GARDNER, Chief Justice.

■ Plaintiff was convicted in the Recorder's Court of the City of Birmingham and sentenced to hard labor, as authorized by the statute. Title 62, § 654, Code 1940. In execution of the hard labor sentence he

we had planned to make an escape, or attempt to make an escape".

Plaintiff and Allison, about the same time, did make the effort. Allison succeeded in getting away. One Stewart, a prison guard, armed with a shot gun, fired at plaintiff while he was running and near a bush, inflicting serious injury, and preventing his escape. It may well be conceded the guard acted wrongfully. Handley v. State, 96 Ala. 48, 11 So. 322, 38 Am.St.Rep. 81; Holland v. State, 162 Ala. 5, 50 So. 215; Vol. 1 Restatement of the Law of Torts, page 30. But however wrongful his conduct the authorities are uniform to the effect that "under the general principle of immunity of government agencies from liability for the torts of its officers, there is no liability for the negligence or wrongful act of police officers in arresting or guarding prisoners". And this is the language of this Court in the first appeal of Hillman v. City of Anniston, 214 Ala. 522, 108 So. 539, 540, 46 A.L.R. 89.

It may be conceded there is some proof tending to show Stewart along with one Hines also gave orders in reference to the road work, yet this would not affect the fact that in trying to prevent the escape of the plaintiff he was acting as a guard of prisoners and engaged in a governmental function. If at the time he was so engaged, the mere fact that the work in which the convict had been engaged related to a corporate enterprise would not render the act in preventing his escape any the less one in furtherance of a governmental function. The case of Robbins v. City of Sheffield, 237. Ala. 674, 188 So. 874, is much in point in the recognition of this principle.

■ Nor do we think it material that by some of the proof Stewart was known as "guard foreman" and that he was on the city's Industrial Water Works payroll. Undisputedly he was there to guard the prisoners, and by what title he is designated or upon what payroll he is carried cannot alter the fact that in recapturing an escaped convict he was acting in furtherance of a governmental, as distinguished from a corporate function. The following authorities suffice to sustain this view. Densmore v. City of Birmingham, supra; City of Tuscaloosa v. Fitts, 209 Ala. 635, 96 So. 771; Robbins v. City of Sheffield, supra. As said in City of Bessemer v. Barnett, 212 Ala. 202, 203, 102 So. 23, 24, "The test is the service in which the officer is engaged, and not his title or relation to the governing body."

An escape from lawful custody is made a misdemeanor. Title 14, § 156, Code 1940, and the conspiracy to so escape was likewise a misdemeanor. Title 14, § 101, Code 1940. The escaping prisoner may be retaken any time and at any place in the State. Title 15, § 162, Code 1940. Had plaintiff made good in his escape, as did Allison, he could have been immediately pursued by the officers and retaken anywhere in this State and at any time.

Had plaintiff's re-arrest occurred in a remote part of the State and after the passage of much time, it would appear plain that in thus retaking the prisoner the officer would have been acting in the exercise of a governmental function. The arrest would not have been in the course of the employment of the convict in a corporate enterprise. That was a mere incident. Plaintiff was not engaged in the performance of his work. He was a convict bent upon escape, and the road work bore no more relation to that matter than had his work been in a workhouse. Clearly the mere difference in distance and time can work no distinction in the principle. If his recapture in a remote corner of the State months afterwards would have been in the exercise of a governmental function, so would his recapture after going only a short distance and a brief space of time. The principle is the same in either case. As is well argued, to hold otherwise would be to encourage the convict to escape. If he makes good, he gains his liberty. If in his recapture injury results by reason of any wrongful or negligent conduct of the officer, the city must respond in damages, and the convict thus profit by his own initial wrong. Metropolitan Life Ins. Co. v. James, 231 Ala. 295, 164 So. 377; Hall v. Santangelo et al., 178 Ala. 447, 60 So. 168.

Nothing in the decision of the Hillman case calls for any such unreasonable conclusion, and plaintiff cites no case any more in point. In the Hillman case the injury arose in the course of the work and in disobedience to the officer's instruction. The Court concluded the convict should be placed on an even plane with an employee. No such principle can here be applied. The escape of the convict in the instant case was definitely an abandonment of the work and a defiance of the law.

■ The consequential facts here, as in the Hillman case, are such as to present a sympathetic appeal. But we are here dealing with an important legal principle and cannot permit ourselves to be swayed by

such consideration. We cannot escape the conclusion that the officer in the recapture of plaintiff was acting for the city in its governmental capacity. And we repeat that if this doctrine of immunity from liability is losing in favor, as argued by plaintiff's counsel (citing 120 A.L.R. 1378 and 38 Amer.Jur. 266), the matter is one for consideration of the legislative branch of the government. It is too well settled in this State both by decisions as to municipalities in general and as to the City of Birmingham by the above cited statute.

Our conclusion is the defendant was due the affirmative charge and for its refusal the judgment is due to be reversed.

Reversed and remanded.

All Justices concur except KNIGHT, J., not sitting.