8 So.2d 831

**McSHERIDAN v. CITY OF TALLADEGA.**

**7 Div. 708.**

Supreme Court of Alabama.

June 11, 1942.

Rehearing Denied June 30, 1942.

———◆———

Rutherford Lapsley, of Anniston, for appellant.

164

Knox, Dixon, Dixon & Wooten, of Talladega, for appellees.

BROWN, Justice.

This is an action of trespass by the appellant against the City of Talladega, a municipal corporation, and Carl Jacks to recover damages for an assault and battery committed by Jacks on the plaintiff. The first count of the complaint avers: "Said damage and injury was proximately caused by such wrongful acts and illegal assault by the said defendant, Carl Jacks, as an individual, and as acting in the line and scope of his duty *as an agent, officer, or employee of the corporation, and in its service in di-*

*recting and controlling traffic on said public highway* of the City in a patrol car belonging to the City; the plaintiff avers and charges that his injuries and damages as herein alleged were the proximate consequence of the illegal and wrongful acts, and wanton injury committed by the said defendant, Carl Jacks, and by the said City of Talladega, its agent, employee or officer as aforesaid." [Italics supplied.]

The second count adopted all the averments of the first count and adds: "And the plaintiff further states and charges that at the time of the said illegal and wrongful acts and wrongful injury upon his person, committed by the defendant, Carl Jacks, this plaintiff was lawfully upon and using the highway of the City known as East Street, then being maintained as such for the use of the public; and such wrongful acts and illegal and wanton assault upon the plaintiff deprived him of his legal right to the free use of the highway by forcibly dragging him into the police car and taking him to the City Hall, where he was discharged without any criminal charge against him, for the loss of which, and for the physical pain and anguish, and injury to his person, as in this complaint alleged, that said defendants are jointly and severally liable to the plaintiff, in the said sum of twenty thousand dollars, hence this suit."

The court sustained the demurrer of the defendant municipality to each count of the complaint but overruled the demurrer interposed by the other defendant, and the plaintiff took a voluntary nonsuit and appealed. Code of 1940, Title 7, § 819; Ex parte Martin et al., 180 Ala. 620, 61 So. 905; Mi-Lady Cleaners v. McDaniel, 235 Ala. 469, 179 So. 908, 116 A.L.R. 639.

It has long been the settled law in Alabama, that in so far as a municipal corporation acts in its private or proprietary capacity, it is liable in tort, under the doctrine respondeat superior, for the tortious acts of its agents or servants done within the scope of their employment. Campbell's Adm'x v. City Council of Montgomery, 53 Ala. 527, 25 Am.Rep. 656; Albrittin v. Mayor and Aldermen of Huntsville, 60 Ala. 486, 31 Am.Rep. 46.

But because of the dual character of municipal corporations, as agencies of the government which creates them for the enforcement of the law and the protection of the public generally, as well as corporate and proprietary, municipalities are exempt from the doctrine respondeat superior when

officers selected or appointed by them are acting in the exercise of governmental functions. Long v. City of Birmingham, 161 Ala. 427, 49 So. 881, 18 Ann.Cas. 507; City of Birmingham v. Brock, 242 Ala. 382, 6 So.2d 499; Maddox v. City of Birmingham, 232 Ala. 383, 168 So. 424.

Speaking of the relation of police officers to the government and to the corporation, the following was quoted with approval from Prather v. City of Lexington, 13 B.Mon., Ky., 559, 563, 56 Am.Dec. 585, by Brickell, C.J.: " 'The officers of a city are quasi civil officers of the government, although appointed by the corporation. They are personally liable for their malfeasance or non-feasance in office; but for neither is the corporation responsible. Omissions of a duty imposed upon them by law, productive of prejudice to an individual, is not a corporate injury. The duty of the officers of the city is prescribed by the statute, from which also they derive their power. The corporation appoints them to office, but does not, in that act, sanction their official delinquencies, or render themselves liable for their official misconduct.' " Campbell's Adm'x v. City Council of Montgomery, supra.

"Following the decision in Russell v. Devon County, [12 Eng.Rul.Cas. 694] it became a settled principle of the common law that an individual could not maintain an action against a political subdivision of the state for injury resulting from negligence in the performance of any governmental function. The municipality was but a hand of the Sovereign, and it was the 'right divine of Kings to govern wrong.' " 38 Am.Juris. 265, 266, § 573.

Whether the act is a corporate act or the exercise of governmental power "The underlying test is whether the act performed is for the common good of all, or whether it is for the special benefit or profit of the corporate entity." 38 Am.Juris. 267, § 574; City of Birmingham v. Brock, supra; Bolster v. City of Lawrence, 225 Mass. 387, 114 N.E. 722, L.R.A.1917B, 1285.

The statute, Code of 1940, Title 37, § 502, which, as we have held prescribes the scope and limits of municipal liability, recognizes the distinction between corporate functions, and governmental acts in setting up as essential to liability the officer or agent must not only be acting within the line of his duty but must be *"engaged in work therefor"*—that is for the corporation. [Italics supplied.]

In McCarter v. City of Florence et al., 216 Ala. 72, 112 So. 335, the court speaking through Anderson, C. J., observed: "We think that section 2029 [§ 502, Code of 1940, Title 37] of the Code of 1923, if making any change in the law as it existed at the time of its enactment, was intended to lessen or limit liability. It certainly does not fix or fasten liability on the city for false imprisonment or malicious prosecution on the part of its officers or agents."

The gravamen of both counts of the complaint, construing their averments most strongly against the pleader as must be done on demurrer, is an assault and battery committed by Jacks as an incident to discharging the duties of a policeman in directing traffic on a public highway in the City of Talladega, the exercise of a governmental function, and for which the city is not liable.

The ruling of the circuit court was free from error.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.