82 So.2d 192

**CITY OF BAY MINETTE**

v.

**David M. QUINLEY.**

**I Div. 634.**

Supreme Court of Alabama.

Aug. 18, 1955.

J. B. Blackburn, Bay Minette, for appellant.

Telfair J. Mashburn, Jr., Bay Minette, for appellee.

STAKELY, Justice.

This is a suit by David M. Quinley to recover damages against the City of Bay Minette, a municipal corporation, for injuries alleged to have been sustained by him in falling on the stairs leading to the offices of the Police Department of the city. The question for decision is whether the city in maintaining its police station was acting in the performance of its governmental functions or in its corporate capacity.

The complaint consists of Counts A, B, C, D and E and in each of these counts there is the following averment:

"On towit: the 9th day of December, 1953, the defendant was a Municipal Corporation, and maintained offices for its Police Department, and a Recreation Room for its employees, on the second floor of a building, belonging to the Water Works and Gas Board of the Town of Bay Minette, on the East side of Hand Avenue, next door to the Baldwin County Jail in the Town of Bay Minette; that on the date aforesaid, at about 9:00 o'clock in the morning, the plaintiff went to the office of the Police Department of the City of Bay Minette, to obtain a blank form on which to report an accident to the State Highway Patrol; that when he started down the steps from the second floor on which was situated the office of the Police Department of the City of Bay Minette and the Recreation Room as aforesaid, his foot slipped; that there was no guardrail or handrail on said steps and, as a proximate consequence, plaintiff fell to the bottom of said steps."

The demurrer to each of the counts points out that the allegation shows on its face that the municipal corporation was engaged in doing a governmental act or performing a governmental function at the time and place of plaintiff's alleged injuries. Demurrer was overruled.

It is established in this state that a municipal corporation is liable for injuries caused by the wrongful or negligent performance of its corporate or ministerial duties and it is equally established that a mu-

nicipal corporation is not liable for injuries caused by the wrongful or negligent performance of its governmental functions. Densmore v. City of Birmingham, 223 Ala. 210, 135 So. 320.

In City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542, in referring to what is now § 502, Title 37, Code of 1940, it was said: "That section provides that: 'No city or town shall be liable for damages for injury done to or wrong suffered by any person * * * unless,' inter alia, 'the said injury or wrong was done or suffered through the neglect, carelessness, or failure to remedy some defect in the streets, alleys, public ways, or buildings after,' etc. We find no reason for supposing that so much of this section as we have quoted changes the previously prevailing law in respect to cases falling within its purview. * * *" See McSheridan v. City of Talladega, 243 Ala. 162, 8 So.2d 831. And in McCarter v. City of Florence, 216 Ala. 72, 112 So. 335, it was shown that the foregoing statute, if making any change in the law at the time of its enactment, was intended to lessen or limit liability.

In McSheridan v. City of Talladega, supra, it was pointed out that the underlying test to determine whether the act is a corporate act or an act in the exercise of a governmental function, is whether the act performed is for the common good of all or whether it is for the special benefit or profit of the corporate entity. It would be well to consider further the difference between corporate or ministerial duties and what is meant by governmental functions. "One is of that kind which arises from the grant of a special power, in the exercise of which the municipality is as a legal individual; the other is of that kind which arises, or is implied, from the use of political rights under the general law, in the exercise of which it is as a sovereign. The former power is private, and is used for private purposes; the latter is public and is used for public purposes. * * * The former is not held by the municipality as one of the political divisions of the State; the latter is. In the

exercise of the former power, and under the duty to the public which the acceptance and use of the power involves, a municipality is like a private corporation, and is liable for a failure to use its power well, or for an injury caused by using it badly. But where the power is intrusted to it as one of the political divisions of the State, and is conferred not for the immediate benefit of the municipality, but as a means to the exercise of the sovereign power for the benefit of all citizens, the corporation is not liable for nonuser, nor for misuser by the public agents. * * *." Maxmillian v. Mayor, 62 N.Y. 160, 20 Am.Rep. 468; Robbins v. City of Sheffield, 237 Ala. 674, 188 So. 874; City of Tuscaloosa v. Fitts, 209 Ala. 635, 96 So. 771.

In the present case the alleged negligence of the city lay in its failure to provide an adequate stairway to the offices of the police department of the city by reason of the absence of a guardrail or handrail in connection with the steps. So the question recurs as to whether the city in providing for and maintaining offices for its police department, was acting in a corporate capacity or in the discharge of a governmental function.

We are not able to find many decisions which touch on the actual situation here involved. In Hillman v. City of Anniston, 214 Ala. 522, 108 So. 539, 46 A.L.R. 89, it was held that the city could not be made responsible for injuries where a convict was injured by his guard, a police officer. There are other authorities to this effect. But here there is presented a duty of the municipal corporation with reference to the maintenance of a building devoted to the public purpose as an office for its police department. Section 502, Title 37, Code of 1940, to which we have referred, provides for the recovery of damages for failure "to remedy some defect in the streets, alleys, public ways, or buildings" under the circumstances set forth in the statute. It is clear that if the building is being used in a corporate capacity there could be a liability. But what is the nature of the use in the present instance? It seems to us that

upon principle and from the authorities which we have been able to find, the city was engaged in a discharge of a governmental function in maintaining offices for its police department. In 63 C.J.S., Municipal Corporations, § 903, p. 308, it is stated that, "Ordinarily a municipal corporation is not liable for the negligent maintenance or operation of police or fire stations * * *."

In Long v. City of Birmingham, 161 Ala. 427, 49 So. 881, 18 Ann.Cas. 507, this court held that the maintenance of the fire department of a municipal corporation was a governmental function. In Day v. City of Berlin, 1 Cir., 157 F.2d 323, the action was against a municipal corporation by one who was injured in a fall down a flight of steps in the defendant's city hall. It was held that the defendant was engaged in the performance of a public governmental undertaking and was exercising a governmental function and was immune from liability.

In the case of Wilcox v. City of Rochester, 190 N.Y. 137, 82 N.E. 1119, 1120, 17 L.R.A.,N.S., 741, a person engaged in repairing a police station building was injured by walking into an open door of an elevator shaft in the building. On appeal the judgment of the lower court was reversed, the court holding in substance that a city exercises a governmental function in maintaining a police station used in part as a jail for prisoners as well as in part for the accommodation of its police force and, accordingly, was immune from liability. In Wilcox v. City of Rochester, supra, the question was asked, "What powers and duties are there which can be conferred and imposed upon a municipality that more clearly constitute a function of general government than the power and duty to maintain a police force and provide suitable buildings for its occupation and use?" The court in Wilcox v. City of Rochester, supra, reasoned that the safe and proper maintenance of a police station building is an appropriate and necessary element in the maintenance of a police force and since it is, it necessarily follows that in maintaining a police station the city is acting in the exercise of a governmental function.

 In view of the authorities to which we have referred, we consider that it is the better view that in maintaining its offices for its police department, the City of Bay Minette was engaged in the performance of a governmental function and accordingly could not be held liable for a defect in the steps used in connection therewith. It results that the court was in error in overruling the demurrer to the various counts of the complaint upon the ground to which we have referred.

Since the foregoing is our conclusion it is not necessary that other points in the case be considered. It results that the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.

LAWSON, SIMPSON, GOODWYN and MERRILL, JJ., concur.