85 So.2d 888

Ronnie PARR, pro ami,

v.

CITY OF BIRMINGHAM.

6 Div. 948.

Supreme Court of Alabama.

Dec. 22, 1955.

Rehearing Denied March 22, 1956.

Hogan & Callaway, Birmingham, for appellant.

W. L. Clark, Birmingham, for appellee.

MERRILL, Justice.

Appellant, a minor suing by next friend, sought damages against the City of Birmingham for injuries sustained when a wrought iron plaque fell on and broke his leg while he was in the Birmingham Art Museum which is located in the City Hall. The demurrer to appellant's complaint was sustained; he took an involuntary non suit because of the adverse ruling of the court and has appealed.

The real question before us is whether the operation of the museum by the City of Birmingham is a corporate act or an act in the exercise of a governmental function.

The statute authorizing museums is Code 1940, Title 37, Sec. 511, which reads:

"Each city or town of six thousand population and over shall have power to acquire sites for, and to construct or otherwise acquire and to establish and maintain, public museums and public art galleries and *each such city, town and county shall have authority to exercise the aforesaid powers to the end of rendering available public museums and public art galleries* separate, the one from the other, or grouped two or more in the same building or as parts of the same institutions. Whenever any public museum or public art gallery, or any group of two or more in combination, had been established by any such city or town, the institution or enterprise as so established may be administered by and through such instrumentality or instrumentalities as the governing body of such city or town may determine upon." (Italics supplied.)

Pursuant to this statute the Commission of City of Birmingham adopted Ordinance No. 783–F in August 1950 which provided for the creation of a Museum Board of the City of Birmingham to manage and operate a museum in space provided in the City Hall, but "The Board shall not have the right to sue or be sued, and all property and property interests accruing to it shall be vested in and held for the City". Section 3 of the Ordinance reads:

"Section 3. The Museum Board shall have the power to do the acts and things necessary to carry out the objectives and purposes set forth in this ordinance; to acquire by purchase, gift or loan any land, premises, money, securities, objects of art or other property for museum uses and purposes; to buy and sell and otherwise deal in property necessary to carry out its objectives; to cooperate with the Birmingham Art Club or any other public or private corporation or organization; to do any lawful act necessary or expedient to maintain and improve museum facilities for the people of Birmingham; to provide for the exhibition, particularly to students of the

public schools and in general to the population of Birmingham, statuary and all forms of the graphic and decorative arts and other fine arts; to arouse interest, by any means deemed appropriate, in the cultivation of artistic talents and in the exhibition and recognition of artistic achievements; to provide rules and regulations for its governance and the governance of its officials and employees and of any premises or property which may from time to time be in its custody, provided such rules and regulations are in accordance with and do not conflict with any building regulation or rule which at any time may be in force and effect in said City Hall, or otherwise violate any ordinance or resolution of the City Commission. In the exercise of its powers, the Museum Board shall have no power or authority to bind or obligate the City beyond the amount appropriated by the governing body of the City for its purposes."

In our recent case of City of Bay Minette v. Quinley, Ala., 82 So.2d 192, 194,[1] we discussed corporate acts and governmental functions of a municipality and although many other pertinent statements could be used, we quote the following where the court said:

■ "In McSheridan v. City of Talladega, supra [243 Ala. 162, 8 So.2d 831], it was pointed out that the underlying test to determine whether the act is a corporate act or an act in the exercise of a governmental function, is whether the act performed is for the common good of all or whether it is for the special benefit or profit of the corporate entity. It would be well to consider further the difference between corporate or ministerial duties and what is meant by governmental functions. 'One is of that kind which arises from the grant of a special power, in the exercise of which the municipality is as a legal individual; the other is of that kind which arises, or is implied, from the use of political rights under the general law, in the exercise of which it is as a sovereign. The former power is private, and is used for private purposes; the latter is public and is used for public purposes. * * * The former is not held by the municipality as one of the political divisions of the State; the latter is. In the exercise of the former power and under the duty to the public which the acceptance and use of the power involves, a municipality is like a private corporation, and is liable for a failure to use its power well, or for an injury caused by using it badly. But where the power is intrusted to it as one of the political divisions of the State, and is conferred not for the immediate benefit of the municipality, but as a means to the exercise of the sovereign power for the benefit of all citizens, the corporation is not liable for nonuser, nor for misuser by the public agents. * * *' Maxmillian v. Mayor, 62 N.Y. 160, 20 Am.Rep. 468; Robbins v. City of Sheffield, 237 Ala. 674, 188 So. 874; City of Tuscaloosa v. Fitts, 209 Ala. 635, 96 So. 771."

■ It is clear to us that the operation of the Museum is not for the special benefit or profit of the corporate entity, but is for the common good of all and is in "the exercise of the sovereign power for the benefit of all citizens," and was therefore, in the exercise of a governmental function. See also Williams v. City of Birmingham, 219 Ala. 19, 121 So. 14, and authorities therein cited where it was held that the operation of a golf course was a public governmental function and the city was immune from tort liability with respect to such function, even though reasonable fees were charged for the use of the course by the public.

It follows that the judgment of the circuit court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.

1. 263 Ala. 188.