97 So.2d 908

## W. C. MATHIS

v.

## CITY OF DOTHAN.

4 Div. 923.

Supreme Court of Alabama.

Oct. 31, 1957.

L. A. Farmer and L. A. Farmer, Jr., Dothan, for appellant.

C. R. Lewis, Dothan, for appellee.

PER CURIAM.

This is an appeal by the plaintiff from a judgment of nonsuit taken by him with leave to review the judgment of the trial court in sustaining demurrer to the complaint.

The suit was filed under authority of section 119, Title 7, Code of 1940, by the father for the death of his minor child alleged to

have been caused by the wrongful act, omission or negligence of the City of Dothan and by its named employee.

The complaint is in two counts, both of which allege that the City of Dothan owned and operated a recreational center for the benefit of Negroes, which was open to the use of the Negro public. A part of the recreational facilities consisted in a swimming pool, for the use of which a small fee was charged. Count one of the complaint alleges that this defendant did not maintain said swimming pool in a reasonably safe condition for those who frequented and used it, in that defendant negligently failed to provide a lifeguard during the time said minor child of plaintiff was swimming in said pool; and that as a proximate consequence his child was drowned in said swimming pool. In count two of the complaint it is alleged that the lifeguard who was employed by the city and was its agent, servant or employee, and while so acting negligently left said swimming pool unguarded and unattended, and as a proximate consequence thereof plaintiff's minor child drowned while in said swimming pool.

There are several grounds of demurrer to the complaint, but the court in sustaining the demurrer to both counts expressly ruled upon grounds 9 and 10. Therefore we will not consider any other supposed defects with respect to those counts, as they are not involved on this appeal. Grounds 9 and 10 are based on the principle that the complaint shows that the city is engaged in a governmental function in conducting a swimming pool as a feature of a recreational park along with other amusements for the Negro public.

■ The only question presented is whether in operating that park, including the swimming pool, the city was engaged in a governmental enterprise or a proprietary enterprise. That question is properly presented to us therefore, and is the only question we have for consideration. We have had many cases which define governmental functions of a city with reference to the duty imposed upon municipal corporations by section 502, Title 37, Code. From the very beginning the decisions of this Court have settled the question that for the city to be liable under section 502, supra, it must not be engaged in a governmental function, or have neglected to perform a duty which was distinctly imposed upon the city by said statute, relating particularly to defects in the streets, alleys, public ways or buildings. A recreational park not being within any of those specific enterprises it becomes a matter of legal interpretation to say whether or not a particular enterprise is a governmental function or is in its nature proprietary.

This Court has often and very recently repeated the settled definition of the terms here involved. It is unnecessary to go further back than the case of McSheridan v. City of Talladega, 243 Ala. 162, 8 So.2d 831, 833, in which it is said: "The underlying test is whether the act performed is for the common good of all, or whether it is for the special benefit or profit of the corporate entity." That definition has come down through the cases and is approved in City of Bay Minette v. Quinley, 263 Ala. 188, 82 So.2d 192, and also in the later case of Parr v. City of Birmingham, 264 Ala. 224, 85 So.2d 888. In the Parr case it is said that the operation of a municipal art museum was for the common good of all and hence the city was in the exercise of a governmental function.

An earlier case, and one more directly in point than those mentioned, is Williams v. City of Birmingham, 219 Ala. 19, 121 So. 14, in which this Court held that in the operation by the City of Birmingham of a municipal golf course, for the use of which by the public a small fee was charged, the city was engaged in a governmental function. The principle is also expressed in different language in other cases, but the meaning is the same. See Green v. City of Birmingham, 241 Ala. 684, 4 So.2d 394.

The appellant relies upon the case of Brown v. City of Fairhope, 265 Ala. 596, 93 So.2d 419, in which the Court held that the maintenance and operation of sanitary

sewer lines by the city water works and sewer board involved a ministerial function rather than a governmental function, but in so holding the opinion in no respect modified or changed the definition quoted by us from the cases supra.

■■ We think it unnecessary to analyze further the decisions of this Court on the subject. As each case arises, the question is determined. We think that the operation of a recreational park, which embraces a swimming pool and other recreational features, is performed for the common good of all and is not done for the special benefit or profit of the city.

It therefore follows that the court did not err in sustaining the demurrer to both counts of the complaint, and the judgment should be affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.