121 So.2d 867

Elsie SMITH

v.

CITY OF BIRMINGHAM.

6 Div. 478.

Supreme Court of Alabama.

June 30, 1960.

Wm. M. Acker, Jr., Smyer, White, Reid & Acker, Birmingham, for appellant.

Shannon & Conerly, Sam R. Shannon, Jr., and Edw. O. Conerly, Birmingham, for appellee.

**LAWSON, Justice.**

This is an appeal by the plaintiff from a judgment of nonsuit taken by her with leave to review the judgment of the trial court in sustaining demurrer to the complaint as amended. § 819, Title 7, Code 1940.

The sole assignment of error is to the effect that the trial court erred in sustaining the defendant's demurrer to Count B of plaintiff's complaint as last amended, which count will be set out in the report of the case.

■ It is established in this state that a municipal corporation is liable for injuries caused by the wrongful or negligent performance of its corporate or ministerial duties and it is equally established that such a corporation is not liable for injuries caused by the wrongful or negligent performance of its governmental functions. City of Bay Minette v. Quinley, 263 Ala. 188, 82 So.2d 192; City of Decatur v. Parham, 268 Ala. 585, 109 So.2d 692.

■ The question is presented as to whether the averments of Count B show that the employees of the city were engaged in a governmental enterprise or a private enterprise in connection with the transportation and delivery of the deer.

Among the allegations of Count B are the following: " * * * that the said actions of defendant through its employees were in the exercise of defendant's cor- porate, proprietary and ministerial function and not of its governmental function * * *." These averments state a conclusion of law not admitted by the demurrer. Laney v. Jefferson County, 249 Ala. 612, 32 So.2d 542. See Lybrand v. Forman, 259 Ala. 354, 67 So.2d 4.

This court has often repeated the definitions and terms here involved. It is unnecessary to go further back than the case of McSheridan v. City of Talladega, 243 Ala. 162, 8 So.2d 831, 833, in which it was said: " 'The underlying test is whether the act performed is for the common good of all, or whether it is for the special benefit or profit of the corporate entity.' " That definition was approved recently in City of Bay Minette v. Quinley, supra; in Parr v. City of Birmingham, 264 Ala. 224, 85 So.2d 888; and in Mathis v. City of Dothan, 266 Ala. 531, 97 So.2d 908.

In the Parr case it was said that the operation of a municipal art museum was for the common good of all and hence the city was in the exercise of a governmental function.

The case of Mathis v. City of Dothan, supra, is more in point. In that case we held that the operation of a recreational park, which embraced a swimming pool and other recreational features, is performed for the common good of all and is not done for the special benefit or profit of the city. To like effect is the recent case of City of Decatur v. Parham, supra.

An earlier case is Williams v. City of Birmingham, 219 Ala. 19, 121 So. 14, in which this court held that in the operation by the City of Birmingham of a municipal golf course, for the use of which by the public a small fee was charged, the city was engaged in a governmental function.

The same rule is expressed in different language in other cases, but the meaning is the same. See Green v. City of Birmingham, 241 Ala. 684, 4 So.2d 394.

When Count B is construed most strongly against the pleader, it shows no more than that the alleged negligent act of the city's employees was committed in the performance of their duties in the operation and maintenance of a city-owned recreational park, which included a zoo. That the animals were owned by a private organization which was permitted to maintain the zoo in the park under contract with the city does not change the nature of the duties performed by the city's employees.

We think that to hold the function public and governmental, and not merely corporate or ministerial, is in the spirit of decisions heretofore rendered by this court.

The case of Byrnes v. City of Jackson, 140 Miss. 656, 105 So. 861, 42 A.L.R. 254, pressed upon us by appellant, is not in keeping with the spirit of our decisions and cannot be followed here. For other cases holding that the maintenance and operation of a zoo by a municipality is a proprietary or corporate activity for which the municipality may be held liable, see Hyde v. City of Utica, 259 App.Div. 477, 20 N. Y.S.2d 335; City of Mangum v. Brownlee, 181 Okl. 515, 75 P.2d 174; City of Fort Worth v. Wiggins, Tex.Com.App., 5 S.W.2d 761. On the other hand, the courts of California and Kansas hold that the maintenance and operation of a zoo is a governmental function. McKinney v. City and County of San Francisco, 109 Cal.App. 2d 844, 241 P.2d 1060; Hibbard v. City of Wichita, 98 Kan. 498, 159 P. 399, L.R.A. 1917A, 399.

The judgment of the circuit court in sustaining demurrer to Count B of the complaint as last amended is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.