142 So.2d 267

Marlett M. CHAFFIN

v.

CITY OF MONTGOMERY.

3 Div. 946.

Supreme Court of Alabama.

March 22, 1962.

Rehearing Denied June 21, 1962.

Albert W. Copeland, Godbold, Hobbs & Copeland, Montgomery, for appellant.

Walter J. Knabe, Montgomery, for appellee.

LAWSON, Justice.

The Board of Commissioners of the City of Montgomery on December 30, 1958, adopted a resolution under which all of the public parks in the city were ordered

"closed beginning January 1, 1959, to all persons, regardless of color, until further action of the Parks and Recreation Board and the Mayor and Commissioners of the City of Montgomery."

The adoption of that resolution followed litigation which had been instituted in the federal district court by several Negroes to compel the integration of the parks in spite of an ordinance of the City requiring white and colored persons to use the parks assigned to their respective races under penalty of fine and imprisonment.

The parks of the City of Montgomery were promptly closed to the public in accordance with that resolution and were still closed on July 9, 1960, when David Wayne Chaffin, a six-year-old boy, received fatal injuries while playing in an area owned by the City of Montgomery which had been used by the City as a public park prior to January 1, 1959.

The child was injured while playing on an appliance which had been used for the entertainment of children when the area had been open for public use as a park or playground.

This suit followed. It was filed under authority of § 119, Title 7, Code 1940, by the father, Marlett M. Chaffin, for the death of his minor son, alleged to have been caused by the negligence of the City of Montgomery.

The demurrer of the City of Montgomery to the complaint as amended was sustained. Plaintiff moved for a nonsuit and such a judgment was duly entered.

Plaintiff below has appealed from that judgment. § 819, Title 7, Code 1940.

■ It is established in this state that a municipal corporation is not liable for injuries caused by the wrongful or negligent performance of its governmental functions. Smith v. City of Birmingham, 270 Ala. 681, 121 So.2d 867; City of Decatur v. Parham, 268 Ala. 585, 109 So.2d 692; City of Bay Minette v. Quinley, 263 Ala. 188, 82 So.2d 192.

■ It is also settled by the decisions of this court that the maintenance and operation of a recreational park by a municipal corporation is a governmental function. Smith v. City of Birmingham, supra; City of Decatur v. Parham, supra; Mathis v. City of Dothan, 266 Ala. 531, 97 So.2d 908; Williams v. City of Birmingham, 219 Ala. 19, 121 So. 14.

■ We construe the complaint as showing that at the time of the accident the land and the appliances thereon previously used as a public playground and known as Yancey Park were not being used for that purpose or for any other purpose, but were being held and maintained by the City of Montgomery as a park or playground awaiting a possible solution of the racial problems which precipitated the resolution of December 30, 1958. There had been no action taken by the governing body of the City permanently abandoning the area as a public playground or park.

We hold that the City in holding and maintaining the area for possible reopening to the public as a playground or park was engaged in a governmental function within the meaning of our cases.

The judgment of the circuit court in sustaining demurrer to the complaint is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.