156 So.2d 644

**CITY OF BESSEMER**

v.

**Ray SMITH.**

**6 Div. 895.**

Supreme Court of Alabama.

Sept. 26, 1963.

McEniry, McEniry & McEniry, Bessemer, for appellant.

Brobston & Brobston, Bessemer, and Richard L. Jones, Birmingham, for appellee.

PER CURIAM.

This is an appeal from a judgment for $1200.00, rendered in the circuit court of Jefferson County, Bessemer Division, in favor of appellee and against appellant.

The judgment is to compensate appellee for personal injuries which he sustained and which were caused by the impact of a motor scooter with a chain stretched across an alleged street or highway in front of the Junior High School in the City of Bessemer. Appellee was driving the motor scooter on this alleged street leading from Hall Street to Clarendon Avenue.

A pivotal issue before the trial court, and here presented on appeal, is whether or not the driveway on which appellee was riding when injured was a public street or highway, thereby fastening liability on the appellant for failure to keep the same free of obstruction as alleged in the complaint.

The alleged area was through property belonging to the City Board of Education of the City of Bessemer. It was paved by the Board of Education and the chains, one at each entrance to the area, were placed by the school authorities—not the City of Bessemer.

Plaintiff (appellee here) contends that the Board of Education dedicated the area for use as a public street, or permitted the same to be used for that purpose. Also, he contends that the defendant by certain acts of traffic control accepted the dedication and thereby subjected itself to liability for the injuries which appellant sustained.

The trial court submitted the issue of dedication and acceptance to the jury for determination as to whether or not the area under the evidence was a public street or highway at the time of the collision. The jury in awarding damages decided this issue in favor of the plaintiff.

Assignment of error one is predicated upon the judgment of the trial court in overruling defendant's motion for a new trial. The motion contained a ground that the trial court erred in refusing a written charge for defendant as follows:

"The court charges you gentlemen of the jury that if you believe the evidence in this case you cannot find a verdict for the plaintiff and against the defendant."

While this charge and its refusal by the court is not specifically mentioned in appellant's brief, we do think the argument of appellant is sufficiently comprehensive to embrace this charge as it appears in the motion for a new trial, the overruling of which is assigned as error.

In our opinion the City Board of Education of the City of Bessemer was without legal authority to dedicate voluntarily any portion of its real properties held in trust for school purposes for use as a public street or highway or voluntarily to permit the same to be done. We pretermit any consideration of the statutory right of eminent domain accorded agencies or persons by the laws of Alabama. We hold that such dedication, formally or informal-

ly, is precluded by § 160, Title 52, Code of Alabama, 1940, which reads as follows:

"All property real and personal and mixed now held or hereafter acquired for school purposes shall be held in trust by the city board of education for the use of the public schools of the city."

Section 161, Title 52, Code of Alabama, 1940, controls the City Board of Education in its acquisition and disposition of its real properties. This section is as follows:

"The city board of education shall have the full and exclusive rights within the revenue appropriated for such purposes, or accruing to the use of the public schools, to purchase real estate, furniture, appropriated libraries, fuel and supplies for the use of the schools, and to sell the same, and to make expenditures for the maintenance and repairs of the school grounds, buildings and other property, to establish and build new schools, to superintend the erection thereof, to purchase sites therefor, to make additions, alterations and repairs to the building and other property erected for school uses, and to make necessary and proper notes, contracts and agreements in relation to such matters. All such contracts shall inure to the benefit of the public schools, and any suit in law or equity brought upon them and for the recovery and protection of money and property belonging to and used by the public schools, or for damages, shall be brought by and in the name of the city."

In view of the above statutory inhibitions and controls, the area under consideration and upon which appellant was riding when he was injured was not a public street or highway as alleged in the complaint. This allegation falling short of proof, defendant's request in writing for affirmative directions to the jury should have been given. The trial court being in error in refusing this charge, the motion for a new trial should have been granted and its denial was error.

■ We do not mean to imply that the Board of Education did not have authority as it did to establish and improve a driveway for the convenient ingress and egress of school patrons and children, using the same on missions related to the operation of the school and its activities. Such improvement did not free the area for general use of the public as a public street or highway.

While we do not undertake to discuss here the evidence in detail, we do think that the motion for a new trial should also have been granted on the ground that the verdict of the jury was contrary to the great preponderance of the evidence so far as the same is predicated on the driveway being a public street or highway.

The judgment of the trial court is due to be reversed and the cause remanded for error above mentioned. It is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Reversed and remanded.

LAWSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.