194 So.2d 825

**Robin Denise DIXON, pro ami**

v.

**CITY OF MOBILE.**

**1 Div. 357.**

Supreme Court of Alabama.

Jan. 26, 1967.

Cunningham, Bounds & Byrd, Mobile, for appellant.

Fred G. Collins, Mobile, for appellee.

MERRILL, Justice.

This was an action against the City of Mobile for damages brought by Robin Denise Dixon, a child five years old, suing by her father and next friend, for injuries allegedly suffered due to the negligent maintenance of a walkway in a public park within the corporate limits of the city. The court below sustained the defendant's demurrer to the complaint, and after taking a non-suit, the plaintiff has perfected the instant appeal.

The defendant's 18th ground of demurrer took the position that the complaint failed to allege compliance with Tit. 37, § 504, Code 1940, which reads as follows:

"No recovery shall be had against any city or town, on a claim for personal in-

jury received, unless a sworn statement be filed with the clerk, by the party injured, or his personal representative, in case of his death, stating substantially the manner in which the injury was received, and the day and time, and the place where the accident occurred, and the damages claimed."

It is settled that compliance with § 504 is a condition precedent to the bringing of an action against a municipal corporation and, as such, compliance with the section must be both alleged in the complaint and proven. In the case of City of Birmingham v. Weston, 233 Ala. 563, 172 So. 643, 109 A.L.R. 970, this court said:

"It is also firmly established by the decisions of this court, as well as elsewhere, that the filing of the statement is not only mandatory but is a condition precedent to the bringing of an action against the municipal corporation for any cause to which they relate. In order to maintain such action, the filing of the claim in substantial compliance with the statute must be averred in the complaint and proved."

See also Hamilton v. City of Anniston, 268 Ala. 559, 109 So.2d 728, 83 A.L.R.2d 1172.

The *Weston* case, supra, goes on to hold that the rule is not altered because the injured party is a minor or incompetent:

"However the act now before us contains no exemption in favor of minors or persons mentally or physically incapacitated to give the notice. It applies to all persons alike unless this court shall write into it such an exception, which, under the guise of judicial interpretation, we do not feel warranted in doing. To do so would be legislation not interpretation."

The trial court ruled correctly in sustaining the demurrer, for none of the counts make any effort to allege compliance with § 504.

Counsel for both sides to this appeal seek to have us answer the question of whether a municipality is liable for injuries suffered by one due to a defective walkway in a public park.

It is, of course, a well-recognized rule in this state that the maintaining by a municipal corporation of public squares, parks, playgrounds and recreational facilities is a governmental function, and that a city is not liable for injuries which result from the negligent operation of the same. Williams v. City of Birmingham, 219 Ala. 19, 121 So. 14; City of Decatur v. Parham, 268 Ala. 585, 109 So.2d 692; Parr v. City of Birmingham, 264 Ala. 224, 85 So.2d 888; City of Bay Minette v. Quinley, 263 Ala. 188, 82 So.2d 192.

And the rule that a municipal corporation is liable for injuries suffered due to defects in sidewalks, streets and public ways, where it has not exercised reasonable care, is so well established as not to require the citation of authority.

But the matter of liability vel non of a municipal corporation to one who is injured as a result of a defective walkway in a public park has never been resolved in Alabama. We see no necessity to do so now, for it appears beyond peradventure that the plaintiff canot comply with the six months limitation of presenting claims to a municipality as required by Tit. 37, § 476, Code 1940.

The order sustaining the demurrer is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.