211 So.2d 504

**Anna K. HOUTS**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 538.**

Supreme Court of Alabama.

June 6, 1968.

E. Ray Large, Birmingham, for appellant.

**376**

Beavers, Shannon & Harrison, Birmingham, for appellee.

MERRILL, Justice.

Appellant took a voluntary nonsuit and appealed when the trial court sustained a demurrer to her complaint as last amended.

Appellant's complaint as last amended charged the defendant city with negligence in allowing an unlocked and unguarded metal gate to swing into a public roadway as a proximate result of which appellant collided with the metal gate, which penetrated the windshield of appellant's automobile and exited therefrom by the rear window on the opposite side of the car.

The complaint shows that appellee is a municipal corporation and that a claim was timely and properly filed pursuant to Tit. 62, § 659, Code 1940.

Appellant alleged that she was driving westerly along Graymont Avenue near the parking area at Legion Field Stadium; "that said parking area is rented for hire to the public during events held within Legion Field Stadium which is controlled and operated by the Park and Recreation Board, an operating division of the City of Birmingham."

One of the grounds of demurrer raised the point that the complaint showed on its face that the actions of defendant complained of were in the course of a governmental function and therefore failed to state a cause of action against the city.

█ It is established in this state that a municipal corporation is not liable for injuries caused by the wrongful or negligent performance of its governmental functions. Chaffin v. City of Montgomery, 273 Ala. 492, 142 So.2d 267; Smith v. City of Birmingham, 270 Ala. 681, 121 So.2d 867; City of Decatur v. Parham, 268 Ala. 585, 109 So.2d 692; City of Bay Minette v. Quinley, 263 Ala. 188, 82 So.2d 192.

█ It is also settled by the decisions of this court that the maintenance and operation of a recreational park by a municipal corporation is a governmental function. Chaffin v. City of Montgomery, supra; Smith v. City of Birmingham, supra; City of Decatur v. Parham, supra; Mathis v. City of Dothan, 266 Ala. 531, 97 So.2d 908; Williams v. City of Birmingham, 219 Ala. 19, 121 So. 14.

█ We hold that the city in operating the parking area around and adjoining Legion Field was engaged in a governmental function within the meaning of our cases.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.