224 So.2d 632

**Mrs. M. W. JONES, a/k/a Marie Walker Jones**

v.

**CITY OF BIRMINGHAM, a Municipal Corporation.**

**6 Div. 653.**

Supreme Court of Alabama.

June 26, 1969.

Beavers, Shannon, Harrison & Odom, Birmingham, for appellee.

Smyer, White, Reid & Acker and William M. Acker, Jr., and Manly & Manly, Birmingham, for appellant.

MERRILL, Justice.

This appeal is from a judgment of nonsuit which appellant was forced to take when demurrers were sustained to both counts of her complaint as last amended.

Appellant initially filed her suit in the Civil Court of Jefferson County claiming damages of $3,000.00, alleging that she sustained a broken arm and other injuries as a proximate result of the negligence of the defendant, City of Birmingham, in failing properly to maintain the sidewalk where she was injured. The demurrer was sustained and the cause dismissed and she appealed to the circuit court. Demurrer was sustained in that court, the counts were amended, demurrers refiled and again sustained, whereupon she took a voluntary nonsuit.

Both counts of the complaint as last amended state that the sidewalk on which appellant was walking when injured extends an entire city block in length over and through Woodrow Wilson Park, a public park owned by the City of Birmingham. The demurrers were sustained in each instance on the ground that the City was protected by its sovereign immunity. Appellant states in brief that she wishes clearly to present the question of sovereign immunity to the trial court without the necessity of special pleas by the City to set up the fact that the sidewalk was in the park.

This identical question was argued in Dixon v. City of Mobile, 280 Ala. 419, 194 So.2d 825, but that case was concluded without deciding the question. It is the sole question here presented.

■ A municipal corporation is liable for injuries suffered due to defects in sidewalks, streets and public ways, where it has not exercised reasonable care. Tit. 37, § 502, Code 1940; Dixon v. City of Mobile, 280 Ala. 419, 194 So.2d 825; City of Florence v. Stack, 275 Ala. 367, 155 So.2d 324, 1 A.L.R.3d 490.

■ It is also a well-recognized rule in this state that the maintaining by a municipal corporation of public squares, parks, playgrounds and recreational facilities is a governmental function, and that a city is not liable for injuries which result from the negligent operation of the same. Williams v. City of Birmingham, 219 Ala. 19, 121 So. 14; City of Decatur v. Parham, 268 Ala.

585, 109 So.2d 692; Parr v. City of Birmingham, 264 Ala. 224, 85 So.2d 888; City of Bay Minette v. Quinley, 263 Ala. 188, 82 So.2d 192; Dixon v. City of Mobile, 280 Ala. 419, 194 So.2d 825.

Appellant cites cases from other jurisdictions which hold that even though the maintenance and operation of a park involved the exercise of a governmental function, there are instances where a question for the jury is presented when people were injured using public streets, walks or ways in parks. We do not discuss those cases because we do not feel that we need to resort to decisions of other jurisdictions in the instant case.

The following cases, and others cited therein, Williams v. City of Birmingham, 219 Ala. 19, 121 So. 14; Mathis v. City of Dothan, 266 Ala. 531, 97 So.2d 908; City of Decatur v. Parham, 268 Ala. 585, 109 So.2d 692; Smith v. City of Birmingham, 270 Ala. 681, 121 So.2d 867; Chaffin v. City of Montgomery, 273 Ala. 492, 142 So.2d 267; Houts v. City of Birmingham, 282 Ala. 375, 211 So.2d 504, show an unbroken line of decisions that the maintenance and operation of parks and activities in them are governmental functions. We think our observation in Smith v. City of Birmingham, supra, where the alleged negligent act of the city's employees was committed in the performance of their duties in the operation and maintenance of a city-owned recreational park, which included a zoo, is appropriate here:

"We think that to hold the function public and governmental, and not merely corporate or ministerial, is in the spirit of decisions heretofore rendered by this court."

Appellant has a "catchy" proposition of law—"A public way in a park is still a public way." We concede that there are cases from other jurisdictions which hold that injuries received on highways or public streets which go through parks are subject to trial, but that is not our case. We are

not to be understood as holding that the governmental immunity could be claimed by a city where a city park was established on both sides of a dedicated street or highway and an injury occurred on the street, the maintenance of which the city was responsible. That situation has not yet been presented to us.

 Here, we are confronted with a walkway, completely within Woodrow Wilson Park, and the mere fact that it is used by persons going to and from the courthouse and the Birmingham Public Library does not change it from a walkway in the park to the ordinary public sidewalk where the city is under a duty to exercise reasonable care.

Public parks are not merely to be seen but are intended to be used, and means must be furnished to facilitate movement of the public. In order for them to be used and enjoyed by the public, there must be access ways provided across and through them, and access ways provided by which the public may gain ingress and egress to the parks. Of necessity, these access routes form connecting links between public streets and highways. But because they are connecting links, we cannot say that such use changes them from being ways in a park to public streets.

There is no averment in the pleadings to show that the walkway in the park has become a public way. We have said that a public way must either be established in a regular proceeding for that purpose, or generally used by the public for twenty years, or dedicated by the owner of the soil and accepted by the proper authorities. Trammell v. Bradford, 198 Ala. 513, 73 So. 894. For aught appearing, the way in question was part of the land dedicated as a park. See City of Bessemer v. Smith, 275 Ala. 552, 156 So.2d 644, where we held that the city board of education could not formally or informally dedicate a passageway on school property for use as a city street, and that the city could not be held liable for injuries when the driver of a motor scooter was injured on the passageway.

We find no reversible error in the rulings of the trial court.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.