# CIRCUIT COURT OF THE CITY OF NORFOLK

Claude R. Miller

v.

City of Norfolk

## May 29, 2001

## Case No. (Law) L01-630

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiff has filed a motion for judgment in which he seeks damages for injuries he claims to have sustained when he fell in the Union Street garage, a parking garage the City owns and for which it charges a fee to members of the public who use it. In Count I of the motion for judgment, he alleges the City permitted a second floor stairwell of the garage to become dangerous for pedestrian use and that it knew or should have known of this condition. In Count II, the plaintiff alleges the City operated the garage as a proprietary function and that the area of the garage in which he fell had been improperly designed and poorly maintained. The City has filed a special plea of sovereign immunity. The plea is overruled.

I conclude that the operation of a parking garage is a proprietary and not a governmental function. In *Hoggard v. City of Richmond*, 172 Va. 145, 200 S.E. 610 (1939), the Supreme Court had to decide whether a municipal swimming pool was a governmental or proprietary function. After quoting from opinions of former justices, the Court held that in resolving this issue the trial courts may as well consult the Oracle at Delphi or rely on gut instinct:

These quotations from the opinions delivered or prepared by two members of this court, show the inconsistency of the application of the rule, and illustrate the difficulty of basing the distinction of the two functions on any logical reasoning. The same inconsistent and

illogical holding of courts from other jurisdictions is apparent from a study of the cases.

172 Va. at 151, 200 S.E. at 613.

A municipality's performance of an act is not rendered proprietary because the same type of act is performed by private enterprise or because the municipality charges a fee. *Edwards v. City of Portsmouth,* 237 Va. 167, 375 S.E.2d 747 (1989). Nonetheless, the test for the distinction between a governmental and a proprietary function is:

> whether the act is for the common good of all without the element of special corporate benefit, or pecuniary profit. If it is, there is no liability; if it is not, there may be liability.

*Hoggard, supra,* 172 Va. at 150, 200 S.E. at 612.

It would serve no useful purpose to analyze and attempt to distinguish the many cases the Supreme Court of Virginia has decided on this subject. It will have to suffice to say that I am of the opinion that the operation of a parking garage is more akin to activities that have been held to be proprietary, such as the operation of a waterworks, *City of Richmond v. Warehouse Corp.,* 148 Va. 60, 138 S.E. 503 (1927), the operation of a swimming pool, *Hoggard, supra,* and the provision of gas, *City of Richmond v. James,* 170 Va. 553, 197 S.E. 416 (1938), than it is to activities that have been held to be governmental, such as the operation of a hospital, the regulation of streets, the collection of garbage, and the maintenance of a jail, police force, and ambulance service.

All of the activities the Court has found to be governmental are undertaken for the health, safety, or welfare of the citizenry. Certain of the activities the Court has found to be proprietary, such as the provision of clean water and the maintenance of streets, are, it seems to me, undertaken for such purposes. However, some of the activities found to be proprietary, such as the provision of gas and swimming pools, are not so much for the public health, safety, or welfare, as they are for the public convenience. The public health, safety, and welfare would not be adversely affected by the City's failure to provide a parking garage near City Hall, although the lack of one would make the conduct of public business less convenient.

As the Court in *Hoggard* noted, a review of decisions from other states is not particularly helpful. The operation of a municipal parking facility was held to be a proprietary function in *Cutnaw v. City of Columbus,* 107 Ohio App. 413, 157 N.E.2d 373 (1958), and *Stringfield v. Hackensack,* 63 N.J. Super. 38, 171 A.2d 361 (1961), but a governmental function in *Stott v.*

*Manchester*, 109 N.H. 59, 242 A.2d 58 (1968), and *Houts v. Birmingham*, 282 Ala. 375, 211 So. 2d 504 (1968).

The special plea is overruled.